Morris Eder, J.
Defendant moves to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice on the following grounds: (a) another action pending, (b) res judicata and (c) Statute of Limitations.
The first two grounds, representing alternative views of the dismissal of a prior action from which an appeal has been taken, need not detain us. Whether that action be deemed as still continuing in view of the pendency of the appeal or as finally determined until reversed on appeal, cannot possibly affect plaintiff’s right to maintain the present action. In the former action plaintiff served a summons only, the dismissal being ordered when he belatedly moved, after obtaining repeated extensions of time to serve a complaint, to examine defendant before trial to frame a complaint (2 A D 2d 881). Although plaintiff appears to have described his cause in various papers submitted in that action as one for libel or slander, there can be no legal basis, in the absence of a complaint, for holding that such must have been the cause involved. A complaint alone would be binding upon a plaintiff as to the nature of his cause of action, at least insofar as visiting upon him the consequences of his choice.
Since neither ground (a) nor ground (b) is tenable unless the prior action was for the “ same cause,” and since it is impossible in the absence of a complaint to determine the nature of the cause involved in the prior action, these grounds of objection must be overruled. (It may also be observed that the dismissal, not being on the merits, cannot qualify as a prior adjudication concluding the parties in future litigation.)
Even if we were to accept defendant’s hypothesis that the prior action was one for libel or slander, it would not be necessary to dismiss the present action by invoking this ground of the pendency of another action, since, as will be later indicated, *864 the present complaint, insofar as it pleads a cause in libel or slander, will be confined to such defamatory statements as plaintiff claims were made within the period of one year prior to the commencement of the present action. "Whatever libels or slanders might have been the subject of the prior action, which was commenced more than one year before the present one, must be deemed outlawed, thus requiring dismissal to the extent that damages for such libels or slanders are now claimed. In the view thus taken, although the prior action might be regarded as of the same type or form of cause, it would not be for the same cause as the present action and its pendency would not affect the latter.
Turning, then, to a consideration of the third ground of objection, the Statute of Limitations: defendant contends that the gravamen of all three causes in the complaint, although variously pleaded, is the defamatory nature of the statements, written and oral, allegedly made by defendant concerning plaintiff, and therefore the one-year statute applies to the complaint in its entirety; plaintiff maintains, on the other hand, that his three causes of action — conspiracy, prima facie tort, and negligence— are entitled to recognition as causes separate and distinct from the statements which are their factual material.
Plaintiff had been employed by defendant as its eastern branch manager from July, 1951 to September, 1952. In the first cause it is alleged that defendant, its agents and employees, conspired to damage plaintiff’s reputation in his trade and occupation and to interfere with his ability to earn a livelihood by “ making, publishing and declaring false and malicious statements, reports and rumors to prospective employers of the plaintiff,” resulting in his inability to obtain employment and damage to his reputation. No dates are furnished, the complaint merely using the word “ thereafter.” In the second and third causes, plaintiff incorporates by reference these allegations concerning the statements and representations of defendant to his prospective employers. The second cause alleges, to conform to the pattern of the ‘ prima facie tort ’ ’ doctrine, that these acts and representations were made with the intent to injure the plaintiff; while the third cause alleges that defendant’s failure to verify the facts stated concerning plaintiff to his prospective employers constituted “ gross negligence.”
As to the first cause: There is no such tort as conspiracy. It is the underlying act which lays the basis for the award of damages in a civil court. The essence of the allegations of this cause as pleaded is the uttering and publishing of defamatory statements. Its gravamen is the libel or slander and not the so-called *865 conspiracy. Accordingly, the motion must be granted to the extent of dismissing all references in the first cause to allegedly defamatory statements made prior to one year before the commencement of the present action. In the amended complaint, if plaintiff desires to press this cause in libel or slander, as thus limited, he shall confine himself to statements allegedly uttered or published within this one-year period, giving specific operative dates.
The second cause is in a different category. The doctrine of the prima facie tort was evolved to furnish a remedy for the intentional infliction of damage, without excuse or justification, by an act or series of acts which would otherwise be lawful. (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79; Ruza v. Ruza, 286 App. Div. 767.) It is in the field of trade and business that the doctrine has been said to have its greatest impact, to permit the recovery of actual damages sustained as the result of malicious acts done with the deliberate purpose of causing injury to another. The courts have sought to confine the doctrine within reasonable limits by requiring plaintiff to state in his complaint the material facts, not merely conclusions, in plain and concise form (Al Raschid v. News Syndicate Co., 265 N. Y. 1); to separately state the allegations referable to this cause as distinguished from the allegations which may be the basis for the pleading of other causes concerned with specific traditional torts (Brandt v. Winchell, 283 App. Div. 338; Ruza v. Ruza, supra), and to allege special damages, which alone are recoverable for such prima facie tort (Brandt v. Winchell, 286 App. Div. 249).
If we disregard the lack in this complaint of a sufficiently concise statement of material facts and overlook the plethora of conclusory phrases (as we must, in view of defendant’s failure to move under rule 106 to test the legal sufficiency of the complaint), plaintiff has apparently pleaded the elements of a prima facie tort if we combine the allegations in the first cause with those in the second which deal with defendant’s intent, plan and acts to injure him in his efforts to obtain re-employment. It is true that damages are pleaded generally, but there is also an allegation of special damages concerning this inability to obtain employment.
The situation disclosed by this complaint is not like that which prevailed in Green v. Time Inc. (147 N. Y. S. 2d 828, affd. 1 A D 2d 665) wherein it was held that a plaintiff could not avoid the impact of the short Statute of Limitations governing libel actions by pleading his cause in the form of a prima facie tort. Basically, his complaint was that he had been defamed by a *866 magazine article and the mere attribution of damages to his calling or profession did not convert his cause into one of prima facie tort. Here, the gist of the second cause, when properly-pleaded, will be the intentional infliction of special damage by-defendant’s statements to prospective employers concerning plaintiff, even though those statements might not be in, themselves defamatory.
It would appear that all of the acts of defendant alleged by plaintiff as part of the plan and design to injure him are comprehended within the longer Statute of Limitations which is applicable to this tort. On this pleading motion we are not concerned with the matter of proof, but it may be pointed out that plaintiff must establish the intent to injure and the resultant injury before he may recover under the doctrine. It should also be noted that in the amended complaint to be served it would be wise to state facts and not merely conclusions and to limit the damages claimed in this cause to special damages and thus avoid the danger of dismissal by a motion under rule 106. In any event it will be necessary for plaintiff to isolate and allocate to this cause of action the specific allegations which have reference to the essential elements of the prima facie tort claimed.
The third cause based on alleged “ gross negligence ” is also not dismissible under the one-year statute applicable to libel actions. The question of its sufficiency in the context of this case is not now involved. But the suggestions made with regard to statement of facts, rather than conclusions, are also relevant here. All that is now decided is that the. objection based on the Statute of Limitations is overruled.
The motion is accordingly granted to the extent indicated, with leave to plaintiff to replead in accordance with the views expressed in this opinion. Settle order.