Owen McGtvern, J.
Defendant moves for dismissal of the amended complaint upon the ground that the action is not maintainable under the one-year Statute of Limitations, that the amended complaint does not comply with the provisions and conditions of the order dismissing the original complaint, and for relief pursuant to rule 102 of the Rules of Civil Practice *181 with respect to portions of the complaint claimed to be indefinite and uncertain. In the original complaint plaintiff stated three causes, one each in conspiracy, prima facie tort, and negligence. With respect to that complaint, the defendant moved for dismissal pursuant to rule 107, upon the ground of prior action pending, existing final judgment, and the Statute of Limitations. The first two contentions were overruled; the first cause was found not to state a valid claim; the second and third causes were found not to be subject to the one-year Statute of Limitations. (13 Misc 2d 862.) The order entered on that motion directed that with respect to the cause in prima facie tort, it be more concisely and definitely stated, and that the cause in negligence likewise be more concisely and definitely stated. The order was affirmed. (3 A D 2d 909.)
In the present pleading, the cause in conspiracy is eliminated; no cause in libel or slander is stated; the first cause is in gross negligence, and the second in prima facie tort. With respect to the two causes as they are now stated in the amended complaint, the one-year Statute of Limitations must be held not to be applicable in the same manner as it was held to be unavailable on the prior motion.
The allegations in the amended pleading are substantially similar to those contained in the original pleading of the cause in prima facie tort, and the court had stated in dismissing that cause (13 Misc 2d 866): “ Here, the gist of the second cause, when properly pleaded, will be the intentional infliction of special damage by defendant’s statements to prospective employers concerning plaintiff, even though those statements might not be in themselves defamatory. * * * In any event it will be necessary for plaintiff to isolate and allocate to this cause of action the specific allegations which have reference to the essential elements of the prima facie tort claimed.”
Plaintiff relies exclusively in his present pleading upon utterances claimed to be false and malicious, but it is also alleged that the defendant “ did utter and publish false accusations against plaintiff attacking his professional and business integrity, competence and ability and lowering him in the esteem of prospective employers with regard to his professional and business reputation.” Some attempt is made by the allegations of paragraph 16 to furnish a basis for recovery in prima facie tort, but those allegations are conclusory, with the result that the complaint is not clear in its purpose to allege acts wrongful only because of the intent to inflict injury; and in addition, the pleading fails to isolate and allocate only those statements relevant to a cause in prima facie tort. Accordingly the present *182 pleading does not comply with the condition imposed upon the leave to replead.
The statement of the cause in negligence likewise presents no substantial difference from the former pleading, and is not in compliance with the prior order; the statements remain conclusory and indefinite.
The application, accordingly, pursuant to rule 102, is denied. The particular respects in which defendant seeks clarification have to do with a cause in libel or slander, neither of which is set forth in the amended complaint.
The motion pursuant to subdivision 5 of rule 107 and rule 102 is also denied, but is otherwise granted with final opportunity to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.