Frederick Backer, J.
Defendant moves for dismissal of the second amended complaint, pursuant to subdivision 5 of rule 107 or pursuant to subdivision 4 of rule 106 of the Eules of Civil Practice or upon the ground that it fails to comply with the provisions and conditions contained in prior orders.
This action was commenced on April 5, 1956. In the original complaint the plaintiff stated three causes: in conspiracy, prima facie tort and gross negligence. In the first amended complaint two causes were set forth: in gross negligence and prima facie tort. As to each such pleading, defendant moved for dismissal upon the ground, among other things, that maintenance of the action was barred by the Statute of Limitations. In the present pleading the plaintiff again sets forth three causes: in negligence, prima facie tort and fraud. Defendant now for the first time moves for dismissal upon the additional ground of legal insufficiency.
On the first motion the court held with respect to the first cause pleaded in the original complaint (13 Misc 2d 862, 864-865, affd. *212 3 A D 2d 909): “ Its gravamen is the libel or slander and not the so-called conspiracy. Accordingly, the motion must be granted to the extent of dismissing all references in the first cause to allegedly defamatory statements made prior to one year before the commencement of the present action. In the amended complaint, if plaintiff desires to press this cause in libel or slander, as thus limited, he shall confine himself to statements allegedly uttered or published within this one-year period, giving specific operative dates.”
As to the second cause it was stated (p. 865): “ If we disregard the lack in this complaint of a sufficiently concise statement of material facts and overlook the plethora of conclusory phrases (as we must, in view of defendant’s failure to move under rule 106 to test the legal sufficiency of the complaint), plaintiff has apparently pleaded the elements of a prima facie tort if we combine the allegations in the first cause with those in the second which deal with defendant’s intent, plan and acts to injure him in his efforts to obtain employment.”
And as to the third cause it was stated (p. 866): “ The third cause based on alleged ‘ gross negligence ’ is also not dismissible under the one-year statute applicable to libel actions. The question of its sufficiency in the context of this case is not now involved. But the suggestions made with regard to statements of facts, rather than conclusions, are also relevant here. All that is now decided is that the objection based on the Statute of Limitations is overruled.”
On the motion directed to the first amended complaint the court stated (14 Misc 2d 180, 181): “ With respect to the two causes as they are now stated in the amended complaint, the one-year Statute of Limitations must be held not to be applicable in the same manner as it was held to be unavailable on the prior motion. ’ ’ This was due to the fact that the legal sufficiency of the pleading was not under attack and the causes were considered as urged to be stated in gross negligence and in prima facie tort. The court further stated (p. 181): “ The Plaintiff relies exclusively in his present pleading upon utterances claimed to be false and malicious, but it is also alleged that the defendant ‘ did utter and publish false accusations against plaintiff attacking his professional and business integrity, competence and ability and lowering him in the esteem of prospective employers with regard to his professional and business reputation. ’ Some attempt is made by the allegations of paragraph 16 to furnish a basis for recovery in prima facie tort, but those allegations are conclusory, with the result that the complaint is not clear in its purpose to allege acts wrongful only *213 because of the intent to inflict injury; and in addition, the pleading fails to isolate and allocate only those statements relevant to a cause in prima facie tort. Accordingly the present pleading does not comply with the condition imposed upon the leave to replead.
“ The statement of the cause in negligence likewise presents no substantial difference from the former pleading, and is not in compliance with the prior order; the statements remain conclusory and indefinite.” Final opportunity to amend was granted.
It remains clear that plaintiff relies on defamatory statements as causing the injuries complained of. He has attempted to utilize various devious devices to escape the application of the one-year Statute of Limitations. It is not denied that the utterances were made prior to one year preceding institution of suit. While in the first cause of action the utterances are not explicitly set forth, the failure to do so cannot create a cause of action arising upon the negligent utterances of unspecified statements. The direction to set forth the facts has not been honored. The allegation of lack of care goes not to the cause and its gravamen, but to the damage. The second cause in prima facie tort relies on the allegations of the first cause and sets forth, in addition, that the acts were done with the intent to interfere with plaintiff’s employment. If it were intended to rely upon lawful acts made unlawful by reason of the intent to inflict injury, the allegations to this effect have not been isolated or factually set forth. The failure to state the words in hcec verba or as nearly so as possible cannot serve to ground a cause upon acts otherwise not actionable save for the intent to injure.
The third cause, in fraud, suffers from the same vices. The deceit, if any, was directed to third parties, and not to the plaintiff. No duty arose in connection with the furnishing of references save to state the truth or to refrain from intentional injury.
The motion is granted and the complaint is dimissed.