Vincent A. Lupiano, J.
Defendant Herbert B. Newton & Co. moves for dismissal of the amended complaint for legal insufficiency. Plaintiff had engaged in an employment contract with the defendant Kornella Corporation dated April 1, 1959, of which a copy is attached to the complaint. It prevails over the complaint allegations which purport to express the terms thereof. It is alleged that the defendant Kornella engaged in a contract with the defendant Newton, creating a five-year exclusive distributing agency of the products manufactured by the defendant Newton. Plaintiff alleges that his contract with the defendant Kornella was to endure “ for so long as the defendant Kornella would continue in the business of selling-pile fabric”. The contract between plaintiff and Kornella provides in two instances that it was to endure ‘ ‘ during the effective period of this agreement” and “ The Corporation agrees to pay to the Salesman as an advance against commissions (which advance shall not be returnable to the Corporation under any circumstances) the sum of fifty two hundred ($5,200) dollars during each of the first two (2) years of this agreement, payable as follows: one hundred dollars ($100) on the first day of each week of each month in each year ’ ’ and ‘1 This agreement contains all of the terms and conditions of the employment of the Salesman and no change, modification or amendment thereof shall be valid unless in writing and signed by the parties hereto. ’ ’ It is further alleged that plaintiff was wrongfully discharged in January, 1960, and on July 6, 1960 he instituted an action in this court against the defendant Kornella to recover commissions earned. Thereupon, the defendants engaged in an agreement terminating their existing distribution contract and Kornella’s exclusive agency. It is further alleged that the defendant Newton simultaneously agreed that the pile fabric manufactured by it would be sold through the offices, agents and employees of the defendant Kornella, but in their individual capacities and not on behalf of the defendant Kornella. Finally, it is alleged, that the agreement to terminate the exclusive agency was designed for the sole purpose of depriving plaintiff of his commissions which would accrue to him upon the sale by the defendant Kornella of the pile fabric manufactured by the *871 defendant Newton. The relief sought by plaintiff is a judgment directing the defendants to make their records available to the plaintiff and to tender an account to the plaintiff for all commissions due and hereafter to become due.
There was no obligation on the part of the defendant Kornella to keep either contract in force. This is particularly true as to the contract with the defendant Newton since plaintiff’s contract with the defendant Kornella, neither by its provisions nor by virtue of the complaint allegations, is made to rest on continuation of the contract with the defendant Newton, but rather upon sales of pile fabric made by the defendant Kornella, without regard to the source of manufacture. Plaintiff insists his claim rests in prima facie tort. The relief sought sounds in equity whereas the remedy pertains solely to temporal damage. It appears from the contract that it is one at will and not to be altered save in writing and that plaintiff’s damage is fully fixed at the date of its breach. Even if, as contended, plaintiff’s contract ran for a period beyond the alleged wrongful termination, he has failed to allege a sufficient cause in prima facie tort. It is his contention that his damage was cut off by virtue of the termination of the contract between the defendants. Yet, in prima facie tort the act which it is claimed was done to inflict injury must result from unmixed motive to inflict injury and without justification. Where there is also legitimate purpose there is no liability. Acts done in furtherance of its business from whatever motive will not subject the defendant Newton to liability for prima facie tort. (Beardsley v. Kilmer, 236 N. Y. 80.)
The motion is granted and the complaint is dismissed as to the moving defendant Herbert B. Newton & Co.