Morris E. Spector, J.
The plaintiff sets forth two causes of action. The first against the defendant Evelyn Winderbaum is for an absolute divorce on the grounds of adultery and the second against the other defendants sounds in prima facie tort. Both defendants move to dismiss the second cause of action; one pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice and the other under rule 112 of the Buies of Civil Practice. Inasmuch as both causes of action are interrelated, a brief recital of the facts alleged in the first cause of action is necessary.
The plaintiff and Evelyn Winderbaum were married in this State in June, 1953 and a judgment of separation was granted in December, 1958, which gave custody of the infant issue of the marriage to the plaintiff because of the then ‘ ‘ present state of illness ” of the defendant. In January, 1963, the judgment was modified, among other things, by reducing the visitation rights “ until such time as it shall be demonstrated by the defendant that she has recovered from her present illness” sufficiently to make further visitations beneficial to the infant. The infant has at all times, since the separation, been in the custody of the plaintiff. Under the judgment the defendant has been receiving support payments of $25 per week. It is alleged *479 that the defendant suffered from a mental ailment, diagnosed as “sexual promiscuity”, for which she was treated at various times at Manhattan State Hospital. The gravamen of the first cause of action is that the defendant, Evelyn Winderbaum, since January, 1959, has committed numerous acts of adultery with several men and as a result of these acts she became pregnant. This pregnancy was terminated by the performance of an abortion.
The two defendants in the second cause of action are the brother of defendant Evelyn Winderbaum and one of the men named in the first cause of action with whom Evelyn Winderbaum allegedly had adulterous relations, and who she allegedly accused of being responsible for her pregnancy. The complaint alleges that both defendants had knowledge of the pregnancy and maliciously conspired to cause Evelyn Winderbaum to submit herself to an abortion. That by devious means they influenced her to undergo the abortion despite the fact that they knew she desired and intended to bear the child. The plaintiff contends that the sole reasons for the acts of the defendants were to maliciously and willfully cause 61 the destruction of vital, relevant and material evidence ” of the adultery, and to “ delay, defeat or deny the plaintiff the right to successfully prosecute an action for divorce in this State.” It is claimed that these acts are tortious and constitute an infringement of his legal rights and remedies.
The doctrine of prima facie tort was evolved to furnish a remedy for the intentional infliction of damage without excuse or justification, by an act or series of acts which might otherwise be lawful and which do not fall within the categories of traditional tort actions (Knapp Engraving Co. v. Keystone Photo Engraving Corp., 1 A D 2d 170 and cases cited therein). To plead the doctrine, the complaint must: state material facts, not merely conclusions, in concise form; separately state the allegations referable to this cause; and allege special damages which are alone recoverable for such prima facie tort (Sheppard v. Coopers’ Inc., 13 Misc 2d 862, affd. 3 A D 2d 909). The question therefore of whether the complaint sets forth an action in prima facie tort must be answered in the negative. A cause of action is judged by its allegations, not its label (Knapp Engraving Co. v. Keystone Photo Corp., supra). The complaint alleges that the defendants maliciously induced Evelyn Winderbaum to submit, against her wishes, to an abortion for the sole purpose of concealing this evidence of her adultery which could be used by the plaintiff in a divorce action. As a result of this the plaintiff claims he sustained special damages including legal *480 and investigative expenses, mental anguish, continued support payments, the right to remarry and the denial of “his natural rights to the propagation of a family It is conceded that Evelyn Winderbaum obtained an abortion, however paragraphs Nos. 35-40 of the complaint set forth that the operation was performed in a New York City Hospital, by a medical doctor and. the facts were duly filed with the Department of Health. There can be no question under the pleadings herein, that the abortion, performed under the laws of this State was legal and necessary to preserve the life of the woman or child (Penal Law, § 80). On these facts therefore, even if Evelyn Winderbaum was induced against her wishes to submit to the therapeutic abortion, there was sufficient justification for so persuading her. There is no claim of wrongdoing on the part of the doctor, and it must be assumed that he was acting in the best interests of his patient. Her brother cannot be found guilty of wrongdoing merely for urging his sister to follow the doctor’s advice. There being justification for the act complained of, there can be no prima facie tort (Brandt v. Winchell, 3 N Y 2d 628; Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79; Beardsley v. Kilmer, 236 N. Y. 80; Steward v. World-Wide Autos Corp., 20 Misc 2d 188). In any event, the performance of the abortion was lawful and “ the genesis which will make a lawful act unlawful must be a malicious one, unmixed with any other, and exclusively directed to injury and damage of another ” (Terry v. Dairymen’s League Co-op. Assn., 2 A D 2d 494, 498; Bono Sawdust Supply Co. v. Hahn & Golin, 3 A D 2d 221, 227; Miller v. Kornella Corp., 32 Misc 2d 869). The plaintiff here has failed to allege such “ unmixed malice ”.
It should be noted that this cause of action in prima facie tort suffers from the failure to properly plead special damage, which is an essential ingredient (Brandt v. Winchell, supra; Steward v. World-Wide Autos Corp., supra). Plaintiff claims, in the first cause of action, a right to an absolute divorce on the grounds of adultery. The legal fees claimed were, and are, necessary to prosecute that cause of action. As to damages incurred because of the failure to receive the divorce, such claim is premature, as no damage will actirue until after that action is resolved. Such damages are both remote and contingent (see Hoefler v. Hoefler, 12 App. Div. 84). In essence the plaintiff seeks exemplary and punitive damages. This he may not have, for prima facie tort only actual damages may be recovered (Walsh Bros. v. Ruppert, 7 A D 2d 896).
Accordingly, the motion to dismiss the second cause of action of the complaint is granted.