■ JOSEPH MILONE et al., Respondents, v LAWRENCE JACOBSON et al., Appellants.—Appeal by defendants, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated October 10, 1979, as denied their motion to dismiss the complaint as to the second through fifth causes of action, for failure to state a cause of action. Order reversed insofar as appealed from, on the law, without costs or disbursements, the second and third causes of action are dismissed for failure to state a cause of action and the fourth and fifth causes of action are dismissed on consent. The complaint alleged that the corporate plaintiff, as general contractor for the construction of a racetrack in Suffolk County, had received and forwarded to the racetrack owners a bid of $234,850 from the corporate defendant for the construction of the racetrack's grandstand. It then alleged that defendant Jacobson, as an officer and employee of the corporate defendant, had subsequently advised certain employees of the racetrack owners that the corporate defendant's bid had actually been $138,000, but had been inflated by $96,000 at the request of the individual plaintiffs for their own benefit and that of the corporate plaintiff. Furthermore, it was alleged that Jacob-

son's statements, having been made to obtain more business for the corporate defendant, did, in fact, succeed in securing for the corporate defendant over $400,000 in additional contract awards from the racetrack owners. Finally, the instant complaint alleged that Jacobson had repeated his charges against the individual plaintiffs to the Suffolk County District Attorney, and under oath, to a Suffolk County, as well as a Federal, Grand Jury, and later as a witness at plaintiffs' trial on State criminal charges, which resulted in plaintiffs' acquittal. Special Term erred in not dismissing the second cause of action. Although it is defamation that is actually alleged, this cause of action is labeled a prima facie tort to avoid the one-year Statute of Limitations for defamation (CPLR 215, subd 3). The practice of redefining a cause of action to avoid the applicable Statute of Limitations was specifically condemned in *Morrison v National Broadcasting Co.* (19 NY2d 453, 459). Special Term also erred in not dismissing the third cause of action, alleging perjury and injury resulting from false statements. Any statements made by Jacobson more than one year before the commencement of this action cannot serve as the basis for a timely action (CPLR 215, subd 3; *Clark v New York Tel. Co.,* 52 AD2d 1030, affd 41 NY2d 1069). Moreover, any statements made during plaintiffs' criminal trial enjoy an absolute immunity (see *Toker v Pollak,* 44 NY2d 211, 219). Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.