Joseph J. SADOWY, Plaintiff,

v.

SONY CORPORATION OF AMERICA, Defendant.

No. 78 Civ. 2280 (KTD).

United States District Court, S. D. New York.

Jan. 28, 1982.

See also 496 F.Supp. 1071.

Bass, Ullman & Lustigman, New York City, for plaintiff; I. Scott Bass, New York City, of counsel.

Rosenman, Colin, Freund, Lewis & Cohen, New York City, for defendant; Asa D. Sokolow, Douglas N. Gordon, Wesley N. Fach, Jr., New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

This is a diversity action to recover several million dollars in damages from defendant Sony Corporation of America ["Sonam"] for the alleged infliction of harm upon plaintiff's business reputation after plaintiff was discharged as defendant's eastern regional manager. The case comes before me now on a motion by defendant for partial summary judgment.

Plaintiff Joseph Sadowy ["Sadowy"] originally brought this suit in May, 1978 and filed an amended complaint one month later which alleged five causes of action: three involving slander, one sounding in *prima facie* tort and another sounding in injurious falsehood. Sonam answered, denying the elements of the amended complaint and asserting various affirmative defenses. Sonam also set forth counterclaims asserting damages resulting from Sadowy's alleged conspiracy to defraud Sonam and breach of fiduciary obligations. The answer further demanded the return of certain documents allegedly taken improperly from Sonam by Sadowy.

Plaintiff then moved to dismiss Sonam's second, third and fourth counterclaims. Defendant cross moved to dismiss the amended complaint or in the alternative for summary judgment. In an opinion dated July 14, 1980, *see* 496 F.Supp. 1071 (S.D.N.Y.1980), familiarity with which is assumed, I ruled as follows: (i) the complaint adequately stated a claim for *prima facie* tort, including the pleading of special damages for lost income, and summary judgment was not warranted on this count; (ii) the claim for injurious falsehood was not dismissible; (iii) the second count of the complaint which alleged that two Sonam officers made five slanderous *per se* statements regarding the plaintiff also stated a claim, and factual issues precluded summary judgment on this second count; and (iv) two claims of defamation were dismissed. Finally, Sonam's second counterclaim alleging a claim for injurious falsehood and tortious interference with contract was dismissed.

Two months after this decision, plaintiff filed a second amended complaint which contains three counts. The first count is the original *prima facie* tort claim;[1] the second sets forth the remaining slander claim, and the third count asserts a claim for injurious falsehood. The defendant now moves for summary judgment on the first and third counts based on evidence obtained through discovery since July, 1980. Defendant's arguments are concentrated on the factual allegations made in count one. For the reasons that follow defendant's motion is denied.

## A. The Complaint

Sadowy's first count alleges that defendant committed a *prima facie* tort by engaging in an intentional campaign, after the termination of Sadowy's employment, to in-

---

1. As was explained in my earlier opinion, the difference between *prima facie* tort and injurious falsehood is that under the former claim defendant's sole motivation must be to cause injury to the plaintiff. Based on the record, it still remains unclear which theory will provide the basis for any possible recovery.

jure Sadowy's reputation in the consumer electronics industry. According to plaintiff, Sonam circulated a series of falsehoods about Sadowy and perpetrated various acts to discredit him. Specifically, plaintiff first alleges that Sonam caused to be printed in a trade publication on or about May 30, 1977 an item concerning the termination of plaintiff's employment which contained an allegedly unprecedented quote from Sonam's general counsel "to the effect that, 'I am not at liberty to tell you any more than the fact that Sadowy is not with the company anymore'...." (Amended Complaint, ¶ 26). Second, plaintiff alleges that in or about June, 1977 certain agents of Sonam, "presently unknown to plaintiff," contacted the Manhattan District Attorney's office to initiate a criminal investigation into plaintiff's involvement in a scheme to defraud Sonam. Supposedly, Sonam later refused to cooperate fully with the District Attorney's office. Finally, plaintiff asserts that in early June, 1977, at a national convention of the consumer electronics industry, various individuals, including the vice president of a Division of JVC Industries, Inc., and the president of a company which represents U. S. Pioneer, Inc., were falsely told that plaintiff was involved in a kick-back scheme to defraud Sonam. According to the plaintiff, all of these actions were designed to injure plaintiff's reputation in the consumer electronics industry. He claims damages for lost income from jobs unobtainable because of his damaged reputation.

### B. The Causation Element

■ Defendant first argues that there is no evidence of any damages caused by the alleged course of conduct which comprises the *prima facie* tort claim. According to defendant, there is no causal connection between Sadowy's inability to obtain employment and Sonam's acts. To recover on a tort claim, a plaintiff must prove causation. *See Williams v. State of New York*, 308 N.Y. 548, 127 N.E.2d 545 (1955). Thus, on this motion for summary judgment plaintiff may not rest on conclusory allegations to obtain a trial but must bring forth some evidence that his version of the facts

may be true. *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2d Cir. 1980).

On the issue of causation in count one, the plaintiff has met the burden of demonstrating that an issue of fact exists. It is undisputed that Sadowy remains unable to obtain employment in the consumer electronics industry, other than the operation of his own store. Also, the deposition of an executive recruiter, Miki Fiegel, who attempted to help the plaintiff find employment after he left Sonam, reveals that the plaintiff has been "blackballed in the industry" by Sony. As a result, Fiegel opined that she "would probably not be able to do any further work for him." (Fiegel Deposition, p. 22). The recruiter later testified that her opinion was based on conversations with executives at Quasar and at JVC. She stated that "I knew that whether or not what was said was true in any reason, the gossip was there, the stories were there, and it was going to impede him in finding any kind of employment within the industry." (Fiegel Deposition, p. 35).

Defendant argues that Fiegel's testimony regarding rumors spread by Sonam to people in the electronics industry is purely hearsay and that she had no personal knowledge as to what anyone at Sonam actually told the executives at Quasar, JVC or anywhere else where Sadowy looked for employment. Fed.R.Civ.P. 56(c) requires that the supporting proof to a summary judgment motion must be made on personal knowledge and must set forth such facts as would be admissible in evidence. *See Liberty Leasing Co. v. Hillsum Sales Corp.*, 380 F.2d 1013 (5th Cir. 1967). Certainly, Ms. Fiegel may properly testify as to Sadowy's reputation in the electronics industry. *See* Fed.R.Evid. 803(21). Thus, she may offer that Sadowy's reputation is that he was fired by Sonam for committing fraud. Furthermore, she may testify that in her opinion this reputation is the reason Sadowy cannot find work. She may not, of course, testify as to what an executive, such as Bill Finnegan at Quasar, heard from Sonam employees. Interestingly, the deposition of

Mr. Finnegan states that he never spoke with any Sonam employee about Sadowy. (Finnegan Deposition, p. 31). No testimony from any other potential employer, including Mr. Elias of JVC, who Ms. Fiegel was in contact with, has been submitted to the court.

Although Ms. Fiegel's deposition testimony does not provide proof of a particular statement by a Sonam employee it does evidence damage to Sadowy's reputation. Specific evidence of the origins of this reputation must come from a source other than Ms. Fiegel. This other proof does appear to exist. There is a possibility, for instance, that Sadowy's reputation was the result of Sonam contacts with the District Attorney's office. Also, the deposition testimony of a former Sonam employee, John MacNair, states that Sonam salespersons were making statements to MacNair about Sadowy. I believe this is sufficient proof to show there is a serious question over whether the plaintiff's business reputation has been damaged by rumors emanating from Sonam and has resulted in his inability to find a job. Although I do not believe the element of causation is conclusively established here, it certainly raises an issue for trial and therefore summary judgment is inappropriate. *Jaroslawicz v. Seedman*, 528 F.2d 727, 731 (2d Cir. 1975).

## C. Actions By Sonam

Sonam next argues that there is no evidence to support plaintiff's allegations of wrongdoing by Sonam. With regard to the statement in the trade magazine, HFD Retail Home Furnishings, defendant argues that no evidence appears to link this statement to a course of conduct seeking to injure plaintiff. This article was not initiated by Sonam. Rather, a reporter from HFD inquired as to the circumstances surrounding Sadowy's termination, and further, the reply of Sonam's general counsel that is recounted in the complaint was extremely cautious. Nevertheless, this reply came from Sonam's general counsel rather than another spokesman such as the personnel director. Although the statement made to the press did not go so far as to state that Sadowy had been fired for suspected wrongdoings which were reported to the District Attorney, it did say that Sadowy was not with the company anymore. This statement goes further than simply "no comment" and may be viewed by a jury to be one of a series of acts which were designed to ruin Sadowy's reputation. Accordingly, the plaintiff is not precluded from presenting this issue to the jury.

I believe there also exist issues of fact regarding Sonam's intentions in attempting to spur a criminal investigation of Sadowy. Sonam argues that they have a qualified privilege to make disclosures of possible illegalities to law enforcement authorities. A qualified privilege does not attach, however, where information is conveyed in bad faith. *See Toker v. Pollak*, 44 N.Y.2d 211, 405 N.Y.S.2d 1, 376 N.E.2d 194 (1978). The record here raises factual questions about Sonam's intent when it contacted the District Attorney despite the fact that some evidence of fraud upon Sonam may have existed. Apparently, some fraud claims regarding employees other than Sadowy were never referred to the District Attorney. Of particular interest is Sonam's refusal, after it contacted the District Attorney, to disclose certain information to the District Attorney regarding the cooperative advertising program which Sadowy allegedly defrauded. Sonam may have had legitimate reasons to refuse to cooperate with what they perceived as broad requests for information. A jury, however, may decide otherwise and question Sonam's true intentions. Consequently, I cannot now try this issue on this motion. *See American International Group, Inc. v. London American Int'l Corp. Ltd.*, 664 F.2d 348 (2d Cir. 1981).

Sonam also argues that the report to the District Attorney may not form the basis of the *prima facie* tort claim because it occurred more than one year prior to the commencement of this action. Sonam argues that the New York Court of Appeals case of *Morrison v. National Broadcasting Co.*, 19 N.Y.2d 453, 280 N.Y.S.2d 641, 227 N.E.2d 572 (1967) establishes that any action sounding in defamation which seeks to

recover damages for injury to reputation falls within the one-year statute of limitations. N.Y.C.P.L.R. § 215. If plaintiff's only basis for count one was the initial contact with District Attorney's office then defendant's argument would be correct. My earlier opinion, however, described this count as something more:

> [C]ount one ... is not premised solely on defamatory statements ... but rather on an entire cause of conduct consisting of defamatory statements and publications, innuendo, contacting the Manhattan District Attorney's Office to institute a criminal investigation, and failing to cooperate with that investigation once begun.

496 F.Supp. at 1076.

Thus, I have already determined that count one is not in essence the tort of defamation but is instead a distinct *prima facie* tort. The *Morrison* case clearly did not abolish *prima facie* torts which if properly distinguished from a defamation claim[2] will survive. *See, e.g., Sheppard v. Coopers, Inc.,* 13 Misc.2d 862, 156 N.Y.S.2d 391 (Sup.Ct.), *aff'd*, 2 A.D.2d 881, 157 N.Y. S.2d 898 (1st Dep't 1956). As a result, I do not believe this element of count one is precluded by the one-year statute of limitations specified in N.Y.C.P.L.R. § 215.

The third category of improper actions against Sadowy involve statements made to various persons at a national convention of the consumer electronics industry. Sonam argues that the two participants at the convention who allegedly were told by Sonam agents that Sadowy was involved in a kickback scheme denied in a deposition that they actually heard any derogatory statements about Sadowy from anyone at Sonam. This element of count one, however, does not limit itself to only two executives but rather includes ... "various individuals in the industry ...." Plaintiff has submitted deposition testimony of a Mr. Mac-Nair, a former Sonam employee, which states that several Sonam employees passed on information to him about Sadowy at various times during 1977, including at the national convention described in the complaint. As a result, it appears that an issue of fact exists over whether statements were made at the convention or at other times regarding Sadowy, and summary judgment on this issue would not be appropriate.

Defendant also urges that because there is no direct proof that a potential employer obtained misleading information about Sadowy directly from Sonam, plaintiff may not attempt to prove at trial that such statements were made directly by Sonam to these employers. (Complaint, ¶ 37). I disagree. There is proof that other third parties did hear directly from Sonam. This raises the triable issue of whether Sonam intended to injure plaintiff by spreading rumors through third parties which were intended to reach potential employers. It also raises the possibility that if certain third parties heard damaging statements from Sonam then so did prospective employers. Again, the jury must decide these issues.

### D. Damages

■ Finally, Sonam argues that the plaintiff should not be permitted to amend the complaint to change the amount of damages for lost earnings claimed . from $500,000 to $1,500,000. Plaintiff states as the reason for this amendment that he mistakenly calculated the amount of years he had left to work for Sonam before he reached the mandatory retirement age. Plaintiff also has adjusted for inflation and certain benefits. Although it appears at present that this claim may be exaggerated, I will permit the amendment as it will not unduly prejudice the defendant. Plaintiff must still prove these damages at trial. The punitive damages claim will remain intact at this time inasmuch as count one involves an element of moral culpability on the part of defendant which will also have to be proven at trial. *See Walker v. Sheldon,* 10 N.Y.2d 401, 404, 223 N.Y.S.2d 488, 490, 179 N.E.2d 497, 498 (1961).

---

2. *Belsky v. Lowenthal,* 62 A.D.2d 319, 405 N.Y. S.2d 62 (1st Dep't 1978), *aff'd on opinion below,* 47 N.Y.2d 820, 418 N.Y.S.2d 573, 392 N.E.2d 560 (1979); *Milone v. Jacobson,* 78 A.D.2d 548, 432 N.Y.S.2d 30, 31 (2d Dep't 1980).

In sum, defendant's motion for partial summary judgment is denied. The parties are directed to submit a pretrial order within thirty days.

SO ORDERED.