◼ NANCY JONES, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered March 24, 1989, which, *inter alia,* on the motion of defendants One Fifth Avenue Apartment Corporation, Sulzberger-Rolfe, Inc. and Nina Donovan, dismissed the second, third and seventh causes of action as against all defendants, unanimously modified, on the law, to reinstate such causes as against defendant City of New York, the city's cross claims against the nonmunicipal defendants on these causes of action are reinstated and deemed converted to third-party claims against the nonmunicipal defendants, and as so modified, the order is otherwise affirmed, without costs.

Plaintiff is a resident of New York and California. While in New York, she resided with a tenant-shareholder of the defendant cooperative apartment corporation. The tenant-shareholder died. Subsequently, while the plaintiff was in the apartment, the police were summoned apparently by the building superintendent. The plaintiff was searched and forcibly directed to leave the apartment, which was subsequently sealed. The plaintiff later returned to the apartment, allegedly with a court order allowing her access, and found it ransacked.

The second and third causes of action state claims for wrongful eviction. The seventh cause of action states a claim

for intentional infliction of emotional distress. Both are governed by a one-year Statute of Limitations, and the plaintiff does not dispute that she failed to serve the nonmunicipal defendants within one year. She now claims that her causes of action were for prima facie tort, which remain viable for three years. There is no merit to this claim, which seems to be asserted only in the hope of avoiding the effect of the Statute of Limitations (see, Milone v Jacobson, 78 AD2d 548, 549). Here, complete relief is available within the traditional tort causes of action for wrongful eviction and intentional infliction of emotional distress. Accordingly, the causes of action cannot be regarded as claims for prima facie tort (see, Springer v Viking Press, 90 AD2d 315, 317, affd 60 NY2d 916).

The plaintiff claims to have served the city within the period of one year and 90 days, established as the limitation of action under General Municipal Law § 50-i. The city does not dispute this, and neither do the nonmunicipal defendants. The second, third and seventh causes of action should not have been dismissed against the city, which did not move for that relief. Even though those causes of action have been dismissed against the nonmunicipal defendants, the city may still maintain its cross claims against those defendants on those causes of action. (Woolworth Co. v Southbridge Towers, 101 AD2d 434, 438-440.) The cross claims are deemed converted to third-party claims against the nonmunicipal defendants without the necessity of the city formally serving a third-party complaint (Cusick v Lutheran Med. Center, 105 AD2d 681, 682). Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.