Arnold G-. Fraiman, J.
In this proceeding to hold plaintiff Arthur Puro and defendant Jacob Puro (respondents) in contempt, it is contended that the court lacks jurisdiction to do so because CPLB 5104 was not complied with in that respondents were never personally served with certified copies of the orders they are charged with disobeying. The orders in question were signed on May 22, 1970 by Mr. Justice Bollinger and on February 1, 1971 by Mr. Justice Leee. In each instance, the orders were consented to by respondents ’ attorneys. Mr. Justice Leff’s order provided that service of a copy thereof could be made on respondents by serving a copy on their attorneys. Mr. Justice Bollinger’s order contained no such provision. Service of both orders was made upon respondents’ attorneys.
CPLB 5104 provides that any order may be enforced by serving a certified copy of it upon the party required thereby to obey it and if he refuses to obey it, he may be punished for contempt. In its commentary on this section, Weinstein-KornMiller, New York Civil Practice, states that it “is designed to insure that any person who is cited for contempt * * # has been given notice of the existence and the substance of the judgment or order.” (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5104.13).
Bespondents rely upon two early cases to support their position. In the first, Matter of Weeks v. Coe (111 App. Div. 337) the court held that an attorney could not be held in contempt where the order to show cause bringing on the contempt proceeding was served upon his purported counsel, at a time when the attorney was on vacation. In so holding the court found that the individual who was served was not the attorney’s counsel, and had no authority to accept service. Thus, that case is inapposite to the instant proceeding, where the attorneys who were served were the same attorneys who themselves consented to the entry of the orders on behalf of respondents. The other authority relied upon by respondents is an obiter dictum contained in an 1892 Supreme Court decision (Pittsfield Nat. Bank v. Bayne, 66 Hun 633, opn. in 21 N. Y. S. 561) in which the nisi prius court said that “ service upon a party’s attorney is not sufficient to bring him into contempt ”, but that service of a *127 certified copy upon the party himself had to be made. (21 N. Y. S. 561, 562.) The court is not persuaded that this dictum is still the law, if indeed it ever was. More enlightened decisions of the Court of Appeals and Appellate Division have rejected this ritualistic interpretation of the law. Instead, they properly have been concerned solely with the question whether the party sought to be held had actual adequate notice of the order he was charged with disobeying. (People ex rel. Platt v. Rice, 144 N. Y. 249; People ex rel. Stearns v. Marr, 181 N. Y. 463; Shakun v. Shakun, 11 A D 2d 724; Matter of Belanoff, 277 App. Div. 1056; Underhill v. Schenck, 205 App. Div. 182.) In the Shakun case (supra) the court said (p. 724): “Although it does not appear that a certified copy of said judgment was ever served upon plaintiff pursuant to section 505 of the Civil Practice Act [predecessor of CPLR 5104] * * * * * * appears * * * plaintiff had actual knowledge of the judgment and the amendatory orders. Under such circumstances the plaintiff, having failed to comply with the resettled amended judgment, was guilty of contempt of court.” Similarly, in the Belanoff case (supra, p. 1057) the court stated: “Nor is it fatal to the motion to punish for contempt that a certified copy of that order was not served upon respondent until the service of the order to show cause bringing on the instant application * * *. Respondent was aware of the court’s ruling, and a person having knowledge of the mandate of the court may be punished in a proper case for a violation thereof, although not served with a copy of the order allegedly disobeyed.”
In the instant case, each of the orders which the respondents are charged with disobeying was entered into with the consent of their attorneys. Having thus voluntarily consented, through counsel who concededly represented them, to be bound by the terms of the orders, respondents can hardly be heard to claim that they were unaware of their contents. Moreover, respondents ’ attorneys were served with copies of the orders, as entered. Under CPLR 2103 (subd. [b]), “Except where otherwise prescribed by law ”, papers to be served upon a party in a pending action, as here, “ shall be served upon his attorney.” Nothing contained in CPLR 5104 indicates that service therein should be made other than as prescribed in CPLR 2103 (subd. [b]). Finally, respondent Arthur Puro has stipulated that he personally had notice of the contents of both orders. As for Jacob Puro, the court finds patently incredible his testimony that he was unaware of the contents of either order. The court’s finding is buttressed by the affidavits of Jacob Puro’s attorney, submitted in response to the court’s request, in which *128 they state that they are unable to inform the court whether they advised him of the contents of the order because of his invocation of the attorney-client privilege. Under such circumstances, the court concludes that if permitted to testify, the attorneys would state that they fully advised Jacob Puro of the contents of each of the orders in question, and the court so finds. (Bradley v. O’Hare, 2 A D 2d 436; Matter of Weaver, 58 Misc 2d 901.) Respondents having had actual notice of the contents of the consent orders which they are charged with disobeying, the fact that they were not personally served with certified copies thereof is no bar to the court’s assumption of jurisdiction over the contempt proceedings. Settle order in accordance with decision of the court dictated from the Bench.
After the foregoing opinion had been formulated, respondents’ attorneys called the court’s attention to a decision just handed down by the Appellate Division, First Department, in Present v. Aranyi (38 A D 2d 801). In that case, the court reversed an order of the Justice at Special Term holding appellant in contempt. The complete decision of the court was as follows: “No certified copy of the contempt order was purported to be served on Therese Perry, as specifically required by CPLR 5104. In dealing with contempt, it is most essential there be certainty that the proper person cited actually receive notice (citing Weinstein-Korn-Miller)That case is no help to respondents. An examination of the record therein reveals that appellant had been directed by the Justice at Special Term to appear in a supplementary proceeding on May 10, 1971. The Justice’s directive was contained in a short form order reprinted in the New York Law Journal on April 23. Appellant had no prior notice of the order until she received a copy of the Law Journal decision in the mail on May 9, the day before she was to appear. She immediately wrote her adversary that she could not appear on the following day because of prior commitments, and it was her subsequent failure to appear on May 10 which resulted in the contempt citation. Thus, while appellant in that case received notice of the order she was charged with disobeying, it was not adequate in that it was received only the day prior to her scheduled appearance, when she had already made other commitments for that date. Here, as noted, respondents consented, through counsel, to each of the orders in question, prior to their entry; their attorneys were served with copies of the executed orders; and the court found that respondents themselves had actual notice of their contents. Accordingly, it is abundantly clear that in *129 the instant case there was ‘ ‘ certainty that the proper person cited actually receive(d) notice.”
(February 23, 1972)
In its opinion dated February 10, 1972 the court erroneously stated in its recitation of the facts that the order of Mr. Justice Leff was consented to by respondents ’ attorneys. In fact, only the order of Mr. Justice Dollingeb, was consented to. This error in no way affects the determination of the court. Significantly, the order of Mr. Justice Leff specifically provided that service of a copy thereof could be made on respondents by serving a copy on their attorneys, and service was made in such manner. The court having specified the method by which service was to be effectuated, such method having been calculated to insure actual notice to respondents of the contents of the order, and the court having found that respondents had such notice, the failure to serve respondents with a certified copy of the order does not deprive the court of jurisdiction to punish respondents for violations thereof.