■ E. F. HUTTON & COMPANY, INC., Appellant, v. UNITED APPLE SALES, INC., Respondent.— Order, Supreme Court, New York County, entered on February 1, 1972, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, and the motion granted. Appellant shall recover of respondent $50 costs and disbursements of this appeal. Defendant-respondent issued its check dated May 24, 1971 for $25,000 on account of the purchase of commodities contracts. Prior thereto defendant had paid approximately $82,000 thereon. The defendant stopped payment on the $25,000 check. Plaintiff was acting as broker. Defendant has failed to factually justify its failure to pay said sum. Reliance on the conclusory allegations in the complaint and affidavit of the attorney in Action No. 1 are insufficient in that they fail to supply facts in support of the alleged fraud. Concur — Stevens, P. J., McGivern, Kupferman, Murphy and McNally, JJ.

■ ARTHUR PURO, Appellant, v. JACOB PURO, Appellant, et al., Respondents.— Order, Supreme Court, New York County, entered February 24, 1972, holding Arthur and Jacob Puro in contempt of court for having willfully disobeyed the provisions and requirements of orders entered May 22, 1970 and February 1, 1971, is modified, on the law and the facts, to vacate the finding of contempt as against Jacob Puro, the motion to punish Jacob Puro for contempt is denied, and as so modified, the order is affirmed, without costs and without disbursements. Although certified copies of the orders of May 22, 1970 and February 1, 1971 were never served upon appellant Arthur Puro (see CPLR 5104), we, nevertheless, are of the opinion that Arthur Puro was properly held to be in contempt of court. We reach this conclusion in the light of the entire history of this proceeding giving weight to the facts which show that the first order was entered on consent, that the attorney for Arthur Puro was served with copies of the orders; and the concession that Arthur Puro in fact had notice of both orders. However, with respect to Jacob Puro, a reversal is mandated. Not only was he not served with certified or any copies of the orders, but it was not affirmatively established as a fact that he had knowledge of the orders he is charged with violating. Concur — McGivern, J. P., McNally, Tilzer and Capozzoli, JJ.; Kupferman, J., dissents and would affirm on the opinions of Justice Fraiman at Trial Term. [70 Misc 2d 125.]