(January 18, 1973)

■ CHARLES G. PILLON, Appellant, v. HILDA E. HOOD, Also Known as HILDA E. LESLIE, Respondent.— Order, Supreme Court, New York County, entered on April 20, 1972, granting defendant's motion for partial summary judgment and denying plaintiff's cross motion for summary judgment, to dismiss the counterclaim herein and for other relief, unanimously modified, on the law, to the extent of granting plaintiff's motion to dismiss said counterclaim and awarding him summary judgment in the amount of $1,669.35, and otherwise affirmed, without costs and without disbursements. Defendant's counterclaim, by which she seeks to recover various costs incurred by her in vacating a default judgment against her in this action, fails to state a cause of action. Those costs were imposed as a condition for vacating that default judgment and may not now be recovered by defendant. No defense or fact issues are raised with regard to plaintiff's right to recover the sum of $1,500 and disbursements of $169.35, which defendant expressed a willingness to pay. Accordingly, there is no need for a trial in this action and plaintiff is awarded judgment for the amounts stated above. Concur — Stevens, P. J., McGivern, Kupferman and Capozzoli, JJ.

■ MARTIN E. EISENBERG et al., Appellants, v. BREWSTER RENTALS, INC., Respondent, and JOHN GREEN, Defendant.— Judgment, Supreme Court, New York County, entered on January 18, 1971, unanimously modified, on the law, to vacate the judgment in favor of defendant Green and to direct an inquest against said defendant, and otherwise affirmed, without costs and without disbursements. The defendant Green defaulted and did not appear in the action. An inquest against him should have been allowed. Concur — Kupferman, J. P., Murphy, Lane and Steuer, JJ.

■ SIGMUND SOMMER, Appellant, v. MELVYN KAUFMAN et al., Respondents, and RALPH ELYACHAR et al., Defendants.— Appeal from the order of the Supreme Court, New York County, entered on June 24, 1971, unanimously dismissed on the law, on the ground that it is not appealable as of right, CPLR 5701 (subd. [b], pars. 2, 3). If we did not dismiss on that ground, we would affirm. Respondents shall recover of appellant $40 costs and disbursements of this appeal. The court at Special Term dismissed the complaint pursuant to CPLR 3014, with leave to replead, and struck certain sections of the complaint pursuant to CPLR 3024 (subd. [b]). No permission was granted for an appeal from this interim order CPLR 5701 (subd. [c]). Plaintiff may serve an amended complaint within 20 days after service upon him by defendants-respondents of a copy of the order entered hereon. Concur — Stevens, P. J., McGivern, Kupferman and Capozzoli, JJ.