■  SIGMUND SOMMER, Respondent, v MELVYN KAUFMAN et al., Appellants.—Order, Supreme Court, New York County, entered on April 19, 1977, denying appellants' motions to dismiss for insufficiency of the complaint, is affirmed, without costs and without disbursements. The plaintiff here is a builder who was assembling land, leaseholds and evidences of interest and ownership in land in order to build a 40-story office building on Park Avenue in Manhattan, New York City. The defendants own or lease substantial blocks of commercial and office space in the same neighborhood. For his first cause of action, the plaintiff alleges that the defendants concocted a scheme to block delay or otherwise frustrate construction by bribing public officials to delay or deny the permits required for the construction of a building, and as the result of the approximate five-month delay in obtaining the permits, the completion of construction was delayed to plaintiff's detriment and he was thus damaged in the amount of $5,000,000. He claims that defendants' actions were so reckless and wanton as to warrant punitive damages in the amount of $10,000,000. As a second cause of action, plaintiff alleges that defendants, Kaufman, Weiler and Arnow, promised that they would cease opposing plaintiff's efforts to procure the necessary permits, if plaintiff withheld publicity regarding rental of this building; that defendants had no intention of withdrawing their opposition and in fact continued their opposition by public acts and bribery; that plaintiff, relying on these representations, withheld publicity concerning the building and suffered damages from lost rentals in the amount of $5,000,000. Justice Spiegel dismissed the complaint with leave to serve an amended complaint in that the complaint stated only one cause of action for prima facie tort. In dismissing an appeal because the order appealed from was not appealable as of right, this court indicated that it would have affirmed Justice Spiegel's order otherwise. *(Sommer v Kaufman,* 41 AD2d 520.) After service of an amended complaint, a motion to dismiss was granted by Justice Gellinoff, who held that plaintiffs had still not remedied the fault found by Justice Spiegel and should submit a concise and plain statement of the facts, stating one or more cognizable causes of action. It is the redrawn complaint which we now examine. Plaintiff insists that the action is not one in prima facie tort but rather one for intentional interference with plaintiff's prospective economic advantage. It is generally recognized that a "person's business is property in the pursuit of which he is entitled to protection from tortious interference by a third person". (9 ALR2d 232.) "Interference with a business relationship not amounting to a contract is actionable under certain circumstances. First, it is actionable if unlawful means are used. Second, it is actionable, under the theory of prima facie tort, if lawful means are used but the

interference is the infliction of intentional harm, resulting in damage, and done without excuse or justification. The measure of damages is the loss suffered by the plaintiff, including the opportunities for profits on business diverted from it." (32 NY Jur, Interference, § 40.) "As a general rule, interference with the business relations of another is not actionable unless unlawful means are used" (§ 42). "Even if the actor has a legitimate motive, he is liable for interference with the business relations of another by unlawful means" (§ 42). Prima facie tort has several elements, all of which must be established in order for the cause of action to be upheld. They are: 1. Infliction of intentional harm. 2. Resulting in damages. 3. Without excuse or justification. 4. By an act or series of acts that would otherwise be lawful. Let us examine the plaintiff's allegations of bribery of various public officers by the defendants for the purpose of delaying or denying the necessary permits. The plaintiff is not held to proof of the alleged bribery as the complaint contains statements sufficient to put the court and the parties on notice of the transactions intended to be proven, as required under CPLR 3013. The bribery then, being proscribed by section 200.00 of the Penal Law is an unlawful act sufficient to negate the offense of a prima facie tort. Clearly then, as the plaintiff insists, not *in haec verba,* there is a cause of action raised for interference with business relations, and facts are alleged from which damages may be inferred *(A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369). As to the second cause of action, plaintiff has set forth the required elements of fraud: i.e., a knowing misrepresentation of a material fact upon which plaintiff relied, to his detriment. Concur—Murphy, P. J., Evans and Capozzoli, JJ.; Lupiano, J., dissents in the following memorandum: In summary, the third complaint served by plaintiff, denominated a "Verified Amended Complaint," contains two causes of action, identifies plaintiff as a builder and defendants as "competitors of plaintiff" in the real estate industry who allegedly "conceived a common scheme to block, frustrate, hinder or delay the plaintiff's construction [of a 40-story office building between East 48th Street and East 49th Street] by bribing public officials to cause the permit to be denied or delayed." Allegedly, the Kaufman defendants "implemented this scheme by contacting defendants Ralph Elyachar, Michael Freyberg and one Murray Boxer, and transmitting a sum of money [to the three] for use as bribes to public officials." Plaintiff then alleges that the bribery took place and that as a result thereof "the approval of the permits necessary for plaintiff to commence construction was delayed" causing plaintiff damage of $5,000,000. Plaintiff also seeks punitive damages of $10,000,000. The second cause of action alleges that defendants failed to disclose "the common scheme" to plaintiff during the course of a meeting with plaintiff in which they allegedly agreed to withdraw their opposition to the application of plaintiff for a special permit, which application was then pending before the Department of Buildings; that in consequence plaintiff withheld publicity regarding the rental of the building and sustained damages from lost rentals in the sum of $5,000,000. The sole issue is whether the complaint states a cause of action. As plaintiff is alleging the use of unlawful means by competitors to deprive him of future economic advantage, it is clear that the theory of prima facie tort in its classic sense is not invoked. "Interference with a business relationship not amounting to a contract is actionable *under certain circumstances"* (32 NY Jur, Interference, § 40) (emphasis supplied). Giving every fair intendment to the allegations of the complaint, plaintiff is in effect declaring that he possesses a right to have the administrative agencies involved in the issuance of the requisite licenses and permits relevant to plaintiff's business process his

applications for such licenses and permits free from unlawful interference by competitors or anyone. To protect this right he urges that the law affords him a remedy. "It has been said that 'in a civilized community which recognizes the right of private property among its institutions, the notion is intolerable that a man should be protected by the law in the enjoyment of property once it is acquired, but left unprotected by the law in his effort to acquire it'; and that since a large part of what is most valuable in modern life depends upon 'probable expectancies, as social and industrial life become more complex the courts must do more to discover, define and protect them from undue interference. For the most part the 'expectancies' thus protected have been those of future contractual relations, such as the prospect of obtaining employment or employees, or the opportunity of obtaining customers. *In such cases there is a background of business experience on the basis of which it is possible to estimate with some fair amount of success both the value of what has been lost and the likelihood that the plaintiff would have received it if the defendant had not interfered.* The loss of prospective profits is, for example, a familiar element of damages in cases of breach of contract. When the attempt has been made to carry liability for interference beyond such commercial dealings, * * * the courts have been disturbed by a feeling that they were embarking upon uncharted seas, and recovery has been denied; and *it is significant that the reason usually given is that there is no sufficient degree of certainty that the plaintiff ever would have received the anticipated benefits*" (Prosser, Torts [4th ed], § 130, pp 949-950) (emphasis supplied). Despite plaintiff's pleading of unlawful means being utilized by the defendants in their alleged interference with his business relations, the nature of those relations and their surrounding circumstances in the context of the present pleading mandate that plaintiff afford some basis upon which it is possible to estimate with some fair amount of success the value of what has been lost and the likelihood that the plaintiff would have received it if the defendants had not interfered (cf. *Federal Waste Paper Corp. v Garment Center Capitol,* 185 Misc 818). It is stressed that plaintiff is alleging interference with relations that are prospective, not with present contractual relationships and that no fiduciary duty owing to plaintiff on the part of defendants or relations of confidence between the parties is alleged (cf. *A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369). Free competition is favored between competitors, but not to the extent that such competition becomes unfair due to the utilization of unlawful means. It is the uncertainty relevant to the issue of damages which under the special circumstances alleged in the complaint mandates recognition that plaintiff is alleging a species of prima facie tort which requires the pleading of special damages. Although plaintiff has failed to plead special damages, the interests of justice warrant affording to plaintiff an opportunity to replead. Accordingly, the order of the Supreme Court, New York County, entered April 15, 1977, denying defendants' motion to dismiss the amended complaint for insufficiency, should be reversed, on the law, without costs and disbursements, and the motion granted with leave to plaintiff to replead within 20 days after service of a copy of the order entered hereon with notice of entry.