■ RAD ADVERTISING, INC., et al., Appellants, v UNITED FOOTWEAR ORGANIZATION, INC., et al., Respondents.—Order of the Supreme Court, New York County (Edward H. Lehner, J.), entered January 13, 1988, which granted defendants' motion to dismiss the third cause of action in the complaint and denied plaintiffs' cross motion for leave to amend that cause of action, is unanimously affirmed, with costs and disbursements payable by plaintiffs.

Plaintiffs, a former advertising agency and its principal, brought this action against defendants, their former clients, for breach of contract and, in the third cause of action, for the tort of intentional interference with prospective economic advantage.

The Supreme Court granted the defendants' motion to dismiss this third cause of action and denied the plaintiffs' cross motion for leave to amend.

In *Mandelblatt v Devon Stores* (132 AD2d 162, 168), we noted that intentional interference with a precontractual

business relationship is actionable if effected by unlawful means or, under the theory of prima facie tort, by lawful means without justification.

Prima facie tort is the intentional infliction of harm which results in special damages, without excuse and solely motivated by malice *(see, Freihofer v Hearst Corp.,* 65 NY2d 135). For such a cause of action the following elements are necessary: (1) infliction of intentional harm; (2) resulting in damages; (3) without excuse or justification; (4) by an act or series of acts that would otherwise be lawful *(Sommer v Kaufman,* 59 AD2d 843, 844).

The third cause of action in the complaint and the proposed amended complaint's third cause of action both basically allege that the defendants advised various vendors that the plaintiffs were responsible for payment of their services and that defendants were not. It is asserted that these statements seriously injured the plaintiffs since the vendors have refused thereafter to do business with the plaintiffs.

However, none of these allegations show the use by defendants of unlawful or wrongful means, which consist only of culpable conduct on the part of the interferer, such as physical violence, fraud, etc. *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 191).

Nor do the allegations make out a prima facie tort. The statements allegedly made by defendants that they are not responsible for the payment of third-party services were motivated by the desire to avoid payment of the commercial charges for which defendants denied any responsibility. This motivation clearly negates the requirement that defendants inflict the harm without excuse or justification, acting solely from " 'disinterested malevolence' " *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333). Concur—Kupferman, J. P., Ross, Asch, Smith and Rubin, JJ.