OPINION OF THE COURT
Per Curiam.
Order entered August 29, 1989, modified by granting petitioner’s motion to the extent of adjudging Fred C. Daniels in contempt and imposing a fine of $37,067.90; as modified, order affirmed, without costs.
Order entered May 25,1989 affirmed, with $10 costs.
Petitioner landlord appeals from orders denying his motion to punish respondents for contempt for their refusal to obey a restraining notice issued in connection with the enforcement of a judgment for use and occupancy and attorney’s fees entered in summary proceedings. Civil Court, in separate orders, found the corporate tenant in contempt, but declined to hold in contempt the corporation’s officers personally, or the attorneys for the corporation.
By statute, the "[rjefusal or willful neglect of any person” to obey a restraining notice is punishable as a contempt of court (CPLR 5251). In a proper case, where the conduct of an attorney is such as to interfere with or impede orderly procedure in supplementary proceedings, the attorney may be held in contempt (Matter of Tri-State Investors Corp. v Kitching, 231 App Div 143). Here, it is undisputed that attorney Daniels, as tenant’s corporate counsel, had actual notice of the restraining notice in question at least by the late afternoon of November 21,1988, and was also apprised that the tenant had earlier that day withdrawn substantial funds by bank check for payment to creditors other than petitioner (including Daniels’ own law firm). Yet, Daniels testified at the hearing below that he did not notify any of his client’s principals of the existence or significance of the restraining notice, nor did he advance any plausible explanation for his neglect to do so. The following day, November 22, the tenant made additional withdrawals on its bank account, to the further detriment of petitioner.
As found by Civil Court, counsel’s conduct was "inexcusable” and facilitated the tenant’s subsequent violation of the *441 restraining notice. A party who assists another in a violation of a judicial mandate can be equally as guilty of contempt as the primary contemnor (Matter of McCormick v Axelrod, 59 NY2d 574, 584-585). On this record, we are satisfied to a reasonable certainty (see, N. A. Dev. Co. v Jones, 99 AD2d 238, 242) that counsel’s conscious disregard of the restraining notice, at a time when it was known that the tenant client was in the process of liquidating its assets, rises to the level of "willful neglect” under CPLR 5251. Accordingly, we impose a fine in the sum of $37,067.90, representing the moneys diverted by the client on November 22, 1988 (Judiciary Law § 773).
The order denying that portion of petitioner’s motion to hold individuals Deneroff, Goldberg, and D’Alesandro in contempt is affirmed. While D’Alesandro was served with the restraining notice, there was no evidence that he personally participated in any of the activities which were in violation of the notice; he merely forwarded the document to the corporation’s attorney. As to Deneroff and Goldberg, neither was personally served with the notice, and the evidence was equivocal as to whether Deneroff was advised of the contents or import of the notice in his telephone conversation with D’Alesandro on the evening of November 18 or in his conversation with another member of Daniels’ firm on the morning of November 21 (see, Puro v Puro, 39 AD2d 873, affd 33 NY2d 805).
Parness, J. P., Miller and McCooe, JJ., concur.