■ MAURICE S. KANBAR, Appellant, v QUAD CINEMA CORP. et al., Respondents. [600 NYS2d 702] —Order of the Appellate Term of the Supreme Court, First Department (Parness, J. P., Miller and McCooe, JJ.), entered November 21, 1991, which modified an order of the Civil Court, New York County (Joan B. Lobis, J.), entered August 29, 1989, by granting that portion of petitioner's motion to adjudge respondent Fred G. Daniels in contempt and imposing a fine of $37,067.90 and affirmed an order of the Civil Court, New York County (Marshall C. Berger, J.), entered May 25, 1989, which denied a motion to hold corporate officers Peter D'Alesandro, Jeffrey Deneroff and Bernard Goldberg in contempt, unanimously modified, on the law and the facts, to reverse that portion of the order which modified the order entered August 29, 1989 and to deny the motion to adjudge respondent Daniels in contempt, and otherwise affirmed, without costs.

The within proceeding seeking to hold respondents in contempt of a restraining order arises from the actions on the part of two corporate officers and directors of respondent Quad Cinema Corp., Bernard Goldberg and Jeffrey Deneroff, in using the funds in a corporate bank account subsequent to the service of the order on a third officer, Peter D'Alesandro on Friday, November 18, 1988. The order was issued after petitioner, who was also a corporate director and held one third of the corporate shares and was, in addition, the corporation's

landlord, obtained a judgment of possession along with a money judgment in the amount of $203,304. According to petitioner, as a result of the payments by Goldberg and Deneroff to the corporation's other creditors, he has been unable to satisfy his judgment against the corporation in full. Respondents note that, as it was landlord's intention upon evicting the corporation to continue to operate a movie theater at the same location, it was to his practical benefit to see to it that at least those creditors necessary to the conduct of such a business, such as motion picture distributors, were paid, so as to assure that they would be willing to continue to do business.

On the morning of Monday, November 21, Deneroff and Goldberg, who were never served with the order nor shown to have knowledge thereof, were advised by respondent Barry Lasky, an attorney and partner of respondent Fred G. Daniels, to use corporate funds for two purposes, i.e., to replace checks which had already been issued but had not been negotiated with money orders or cashiers checks, thereby protecting those payments from any future action by petitioner, and to make any payments which, if not made, could result in personal liability for shareholders, such as taxes. As found by both the hearing court and the Appellate Term, there is no evidence that, at the time that advice was given, Lasky was actually aware of the restraining order.

In addition to making the payments suggested by Lasky, Deneroff and Goldberg also withdrew funds from the corporate account in order to obtain money orders or cashiers checks to pay the corporation's other creditors. On Monday, $99,872.19 was withdrawn for these purposes, while on Tuesday, $37,067.90 was withdrawn.

The finding of contempt against Daniels, who represented the corporation in the underlying summary proceeding, arises from the fact that, after he returned to his offices from court, where he had been engaged on another matter, on Monday evening, he became aware of the existence of the restraining order. Earlier that day, Daniels had been informed that, on the advice of his partner, Goldberg and Deneroff had used corporate funds to replace previously issued checks, including one to Daniels' law firm, and to pay taxes. There is no evidence that Daniels or Lasky were aware that Goldberg and Deneroff had gone substantially beyond that advice and paid additional creditors. Daniels was also aware that Goldberg and Deneroff had decided to set up a meeting with petitioner for the next day so that they could hand over the equipment

and fixtures remaining in the theater and possibly resolve any other outstanding issues. Whether or not the equipment would be handed over had been a major bone of contention among the parties and its receipt was essential to petitioner's ability to carry on the business without interruption.

After hearings, Civil Court, in two separate orders, found that none of the individual respondents was in contempt of the order. The Appellate Term reversed solely as to respondent Daniels, whom it found in contempt for failing to notify his client's principals of the order when he became aware of it on the evening of November 21 and upon whom it imposed a fine in the amount of $37,067.90, the amount withdrawn from the account subsequent to the point when Daniels learned of the order.

We note at the outset that the sole issue on this appeal is whether the individual respondents should be held in contempt of the restraining order, and that whether their actions were otherwise appropriate is not before us on this appeal. In that context we reject landlord's argument that the corporate officers should have been held in contempt personally. The record supports the findings of the hearing court, as affirmed by the Appellate Term, that while there was evidence that D'Alesandro had knowledge of the subject restraining order, there was no evidence indicating that he had knowledge of the actions of Goldberg and Deneroff in disbursing corporate funds to other creditors, and, further, that the evidence failed to establish that Deneroff and Goldberg had knowledge of the restraining order at the time that they withdrew corporate funds.

However, contrary to the the Appellate Term, we find that Civil Court correctly found that the evidence did not demonstrate that attorney Fred G. Daniels should be held in contempt for Deneroff's and Goldberg's actions in withdrawing $37,067.90 from the account on the morning of November 22, 1988.

It is clear that under CPLR 5251, a finding of contempt may be entered for the "[r]efusal or willful neglect" to obey a subpoena or a restraining order issued pursuant to the provisions of CPLR article 52 providing for the enforcement of money judgments. Moreover, an attorney whose refusal or willful neglect of such an order is responsible for his or her client's disobedience may also be held in contempt (see, Matter of Tri-State Investors Corp. v Kitching, 231 App Div 143, affd 257 NY 573).

In this case, petitioner argues that Daniels', as well as Lasky's, failure to notify Deneroff and Goldberg of the notice on Monday evening constituted willful neglect of the order within the meaning of CPLR 5251. However, particularly in light of the fact that Daniels himself did nothing affirmatively in violation of the order, in order to hold him in contempt for willfully neglecting it, it is necessary to establish that he deliberately withheld the information concerning the notice from Deneroff and Goldberg so that they would deplete the corporate accounts in violation of the order. There is no evidence whatsoever upon which to base a finding that Daniels, who had nothing to gain personally from such action, took such a course.

Clearly, Daniels, as well as Lasky, should have immediately notified Deneroff and Goldberg of the existence of the notice when they became aware of it upon Daniels' return to his offices from court on the evening of November 21. However, we cannot accept the Appellate Term's factual finding that Daniels' proffered excuse for his failure to do so, i.e., that he believed they had already completed whatever transactions they intended to conduct, was implausible, rather than simply evidence of poor judgment. There is no evidence that either attorney had any reason to believe that Goldberg and Deneroff intended to go beyond Lasky's advice. Nor was there any evidence that either was aware that the corporation's financial condition was such that payment of its other creditors would render it unable to pay the lion's share of its debt to petitioner.

Under these circumstances, we find that the record fails to support a finding that Daniels' failure to notify his clients of the order was an adequate basis upon which to hold him in contempt. Concur—Sullivan, J. P., Carro, Ellerin and Rubin, JJ. [See, 151 Misc 2d 439.]