Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein (2019 NY Slip Op 04320)





Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein


2019 NY Slip Op 04320


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


150584/16 9218N 9217

[*1] In re Wimbledon Financing Master Fund, Ltd., Petitioner-Respondent-Appellant,
v
David Bergstein, et al., Respondents. Steven J. Katzman, et al., Nonparty Appellants-Respondents.


Hubell & Associates LLC, New York (Barry A. Cozier of counsel), for appellants-respondents.
Kaplan Rice LLP, New York (Joseph A. Matteo of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 10, 2018, which, to the extent appealed from, granted petitioner's motion to hold nonparties Steven Katzman and Bienert, Miller & Katzman PLC (BMK) in civil contempt for willful neglect of restraining notices served on respondents Bergstein and Graybox, ordered Katzman and BMK to pay petitioner's attorneys' fees in connection with the motion, ordered Katzman to attach a copy of the May 10, 2018 (the order) order to all motions for pro hac vice admission in New York for the next five years and to notify the court in a related California action of the order, and denied petitioner's request for monetary sanctions in the amount of funds paid in violation of the restraining notices, unanimously modified, on the law, to vacate so much of the order as directed Katzman to attach a copy of the order to all motions for pro hac vice admission in New York for the next five years, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 20, 2018, which directed Katzman to disclose "if, when and how" he became aware of the restraining notices, unanimously dismissed, without costs, as taken from a nonappealable order.
The motion court providently exercised its discretion in finding that Katzman was sufficiently aware of the restraining notices to be held, along with his firm, in civil contempt for wilful neglect of the notices (see Kanbar v Quad Cinema Corp., 151 Misc 2d 439, 441 [App Term, 1st Dept 1991], affd as modified 195 AD2d 412 [1st Dept 1993]; see also Security Trust Co. of Rochester v Magar Homes, 92 AD2d 714, 715 [4th Dept 1983]["In order to satisfy due process requirements, a sanction for violation of CPLR 5222 may be imposed only after proof of knowledge, actual or constructive, of the restraining notice"]). CPLR 5251 provides contempt as a remedy for disobedience of a restraining notice, whereas the procedure for the contempt punishment, is not supplied by the CPLR, but by Judiciary Law § 753 (see Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5251:1).
Katzman admitted that he received and reviewed copies of the notices, which were emailed to him 10 minutes after they were received by co-counsel Sills Cummis & Gross P.C., on July 21, 2017. Although the notices did not specify the settlement proceeds that were placed in BMK's escrow account, Katzman was sufficiently aware that Bergstein and Graybox "directly derived the benefits" of the transfer of those funds and thus had "sufficient interest in the funds . . . that the restraining notice applied to them" (Matter of Two Sams Assoc., LLC v Schaeffer & Krongold LLP, 2006 NY Slip Op 30848[U], *2 [Sup Ct, NY County 2006]).
Further, "[a] restraining notice may be employed against contingent property interests, including trusts that are managed by independent trustees with full control over disbursements to [*2]the judgment debtor" (Amtrust N. Am., Inc. v Preferred Contrs. Ins. Co. Risk Retention Group, LLC, 2016 WL 6208288, *6, 2016 US Dist LEXIS 145705, *16 [SD NY 2016]). Katzman and BMK cite no authority in support of their contention that the California action has a superior interest in the settlement proceeds.
The court appropriately limited the contempt sanction to petitioner's attorneys' fees (see e.g. 1319 Third Ave. Realty Corp. v Chateaubriant Rest. Dev. Co., LLC, 57 AD3d 340, 341 [1st Dept 2008]). We reject Katzman's contention that the court impermissibly engaged in attorney discipline by ordering him to give notification of the contempt order to the California court presiding over the aforementioned related action pending in that state. However, while we understand the court's concern in directing Katzman to attach a copy of the contempt order to any motion for his pro hac vice admission that may be made for the next five years (see Code of Judicial Conduct, Canon 1 [22 NYCRR § 100.1] ["A Judge Shall Uphold the Integrity and Independence of the Judiciary"]), whether to require such action is a matter of attorney discipline committed to the Attorney Grievance Committee of each department of the Appellate Division (see Matter of Erdheim [Selkowe], 51 AD2d 705 [1st Dept 1976]). Accordingly, we modify the order under review to delete that requirement.
The April 20, 2018 order is not appealable as of right, and Katzman and BMK did not seek permission to appeal (see CPLR 5701[a], [c]; Sommer v Kaufman, 41 AD2d 520 [1st Dept 1973]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK