(37 App. Div. 472.)

ERTHEILER v. BERNHEIM et al.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

LIBEL—WORDS ACTIONABLE PER SE—BUSINESS LETTERS.
    It is not libelous per se to write of brokers, through whom the writers
    have done business with the person addressed, "that, in the interest of
    our business, we find it necessary to take a decided stand with respect
    to our future business relationship with [the brokers], and to that end we
    feel called upon and from this date on will refuse any dealings with
    them, and under no circumstances will we submit samples of our stock
    to them."

Appeal from trial term, New York county.

Action by James Ertheiler against Jacob Bernheim and others. From a judgment dismissing the complaint on the ground that it does not state a cause of action, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

B. F. Einstein, for appellant.
John Frankenheimer, for respondents.

INGRAHAM, J. The action was for libel. The complaint was dismissed on the trial, upon the ground that the words used by the defendants were not libelous per se. The complaint alleges two causes of action, based upon two letters written by the defendants, which are identical in form, except that they are addressed to two different firms. It is alleged that the defendants, being engaged as packers and importers of Havana tobacco, in the city of New York, on November 14, 1896, sent a letter to M. Foster & Co., of said city, a firm engaged in the business of manufacturing cigars in the city of New York, which said firm was a large purchaser of leaf tobacco and a customer of the plaintiff. The letter is as follows:

                                        "New York, November 4, 1896.
    "Mess. M. Foster & Co., City—Dear Sirs: We beg to advise you that, in
the interest of our business, we find it necessary to take a decided stand with
respect to our future business relationship with Mess. M. Ertheiler & Son
[the plaintiff], and to that end we feel called upon and from this date on will
refuse any dealings with them, and under no circumstances will we submit
samples of our stock to them. We notify you of this, being that we have in
the past had some dealings with you through their firm, and we will hope
that it may not in the future be an obstacle to further dealings. On our
part we can assure you that we will always endeavor to prove ourselves
worthy of your confidence, confident that, if meeting with any encouragement
from you, it cannot help but revert to our mutual advantage. Trusting to
merit your kind consideration, we are,
    "Very truly yours,                              J. Bernheim & Son.
    "P. S. One of our firm will take pleasure in calling on you within a few
days."

It is this letter that the plaintiff alleges to be libelous. No special damages are set forth, nor does the complaint allege that any fact stated in the letter was false, or that the letter falsely stated the relations which had existed between the plaintiff and the defendants. The complaint alleges by way of innuendo that the defendants, by the said letter, intended to, and did, thereby charge the plaintiff with

dishonesty and a want of integrity and ability, and with the commission of some dishonorable, unbusinesslike, and disgraceful conduct in his business relations with the defendants; that, if such relations with the plaintiff continued, the plaintiff would be likely to commit other dishonorable, disgraceful, and unbusinesslike acts; and that the business interests of the said M. Foster & Co. or other manufacturers of cigars and buyers of tobacco would suffer injury by the employment by them of the plaintiff as their broker; that the plaintiff, in the course of his conduct of the business of selling leaf tobacco for the defendants to the said firm of M. Foster & Co., prior to November 14, 1896, had committed some dishonorable, unbusinesslike, and disgraceful act or acts, whereby the business interests of the said firm of M. Foster & Co. and of the defendants had suffered injury; that the plaintiff had not on his part proved worthy of the confidence of the said firm of M. Foster & Co. or of the defendants, but, on the contrary, had committed some dishonorable and disgraceful act or acts in the conduct of the business of selling leaf tobacco for the defendants to the said firm of Foster & Co., which disentitled the plaintiff to the confidence of the said firm of M. Foster & Co. and of the defendants. There is, however, no allegation that the firm to whom this letter was addressed, or the public generally, would understand from the letter that the plaintiff had been guilty of any dishonesty or disgraceful conduct or want of integrity in the conduct of his business, but simply that the defendants had intended to charge, and had charged, the plaintiff with such conduct.

In the case of More v. Bennett, 48 N. Y. 476, the court, after citing the cases of Cooper v. Greeley, 1 Denio, 358, and Stone v. Cooper, 2 Denio, 293, said:

"Both cases were decided upon the principle that the language is to be construed fairly and naturally. It is not enough that a critic or a malignant may torture the expressions into a charge of a criminal or disgraceful act. Nor is it enough, on the other hand, that a possible and far-fetched construction may find an inoffensive meaning in the language. The test is whether, to the mind of an intelligent man, the tenor of the article and the language used naturally import a criminal or disgraceful charge."

We think, applying this test, that the letter in question was not upon its face a libel. It is conceded by the plaintiff that the defendants had the right to employ or refuse to employ the plaintiff as a broker for the sale of their goods. They had the right also to advise the business community, and especially those dealing with them, that they would refuse any dealing with the plaintiff, and would refuse to submit samples of their stock to him, and that in the future all dealings between the firm addressed and the defendants would be without the intervention of the plaintiff as broker. That is all that the letter did. There is certainly nothing to justify the inference that this severing of relations between the defendants and the plaintiff was due to any dishonorable conduct on the part of the plaintiff. It is not so stated in the letter, and no inference that such a charge was made can be drawn from the language used. The substance of the information communicated by

the letter was that, in the interest of their business, the defendants felt called upon to refuse any dealings with the plaintiff, and that they would not in the future submit samples of their stock to him. No reason is given for this action, nor were the defendants bound to give any reason. It cannot be inferred that this change in the manner of conducting their business which the defendants had decided upon was because of any suggested dishonorable or disgraceful conduct on the part of the plaintiff, and they had a perfect right to discontinue the business with the plaintiff without giving any reason. When the defendants stated that the interest of their business required this change, if any presumption was to be indulged in, it was that the defendants desired to deal directly with the person to whom the letter was addressed, rather than through the medium of the plaintiff as broker.

As was said by Judge Vann, in delivering the opinion of the court of appeals in Kingsbury v. Bradstreet Co., 116 N. Y. 215, 22 N. E. 365:

"The circular in question, on its face, is not a libel upon the plaintiff. It cannot be presumed from the nature of the words used, and it has not been proved as a consequence directly resulting from their use, that the reputation of the plaintiff has been injured either as a man or as a merchant. When construed according to their natural meaning, they are innocent and harmless; and, as thus construed, they were not shown to be false."

We think, therefore, that the court below was justified in dismissing the complaint upon the pleadings, and the judgment appealed from is affirmed, with costs. All concur.