PENN-OHIO STEEL CORPORATION et al., Appellants, *v.* ALLIS-CHALMERS MANUFACTURING COMPANY, Respondent.

First Department, March 31, 1959.

*David Brady* of counsel (*O'Connor & Farber*, attorneys), for appellants.

*Harold R. Medina, Jr.*, of counsel (*Stephen E. O'Neil* with him on the brief; *Cravath, Swaine & Moore*, attorneys), for respondent.

M. M. FRANK, J. Special Term held the complaint herein to be insufficient and granted the motion to dismiss with leave to replead.

In 1948, according to the complaint, the plaintiffs and the defendant entered into an agreement which provided, in part, for the purchase by the latter of a substantial amount of the corporate plaintiff's preferred stock and a specified quantity of

steel ingots. In 1949, negotiations to terminate the agreement, conducted in good faith and at " arm's-length ", resulted in a settlement and a new agreement. In 1954 and 1955, the Internal Revenue Service, in connection with its audit of the plaintiffs' tax return for 1949, examined the defendant, which furnished the Service with certain information, memoranda and records.

The plaintiffs allege that the defendant failed to disclose relevant information, material and records and that the data it did furnish the Internal Revenue Service did not truly reflect the nature of the transaction between the parties, but rather was false and misleading and suggested that the settlement had been a sham and a fraud. As a result, the plaintiffs were indicted for income tax evasion. The indictment was later dismissed.

The pleading states that: " The action of the defendant in furnishing false and misleading information, and in giving false and misleading testimony, was deliberate and intentional; it was without warrant or justification; it was without knowledge of or notice to the plaintiffs." Although it is charged that the acts were " intentional and deliberate ", it is not alleged that they were done with the intention to harm the plaintiffs and were solely motivated by that intention. It likewise appears that no actual or special damages are pleaded.

The parties to the litigation agree that the complaint does not charge a conventional tort, such as malicious prosecution or defamation. Under the circumstances, the defendant argues, the only theory upon which to predicate the action is prima facie tort and under the rules of pleading applicable thereto, the complaint is insufficient.

On the other hand, the plaintiffs take the position that the action is not one for prima facie tort, because such an action in this context, they say, would be based upon a truthful statement made maliciously or with an intention to inflict harm, whereas, here the alleged statements were untrue.

Whether the cause of action pleaded should or should not be denominated as one for a prima facie tort is of no moment, for the plaintiffs' right to maintain it does not hinge upon a label. (*Knapp Engraving* v. *Keystone Photo*, 1 A D 2d 170, 172.)

It seems inadvisable to lump all malicious and intentional harms into a grab bag labelled " prima facie tort ", especially since it is impossible to tabulate the infinite varieties of misconduct that give rise to actionable wrongs. It is generally accepted that " There is no necessity whatever that a tort must have a name. New and nameless torts are being recognized constantly ". (Prosser, Torts [2d ed.], p. 3.)

What is important is that there must be the infliction of intentional harm, resulting in damage, without legal excuses or justification. (See *Aikens* v. *Wisconsin*, 195 U. S. 194, 204; *Rager* v. *McCloskey*, 305 N. Y. 75, 81; *Ruza* v. *Ruza*, 286 App. Div. 767, 769; *Knapp Engraving* v. *Keystone Photo*, *supra*.)

The utterance or furnishing of false and misleading information may be actionable if done maliciously or with the intention to harm another, or so recklessly and without regard to its consequences, that a reasonably prudent person should anticipate that damage to another will naturally follow. It has been occasionally suggested that such an action is within the orbit of prima facie tort. There is no valid support in law for the suggestion. The tort of injurious or intentional falsehood finds its genesis in legal history long, long before the comparatively recent development in the area of intentional harms, which possibly have been misdescribed as "prima facie torts". It may well be that much of the difficulty encountered in these cases emanates from the indiscriminate use of labels. If, therefore, one must be attached, perhaps other terms such as "injurious falsehood" (86 C. J. S., Torts, § 48; Salmond, Torts [11th ed.], pp. 703–704, or an "action for damage resulting from intentional falsehood" (*Rager* v. *McCloskey*, 305 N. Y. 75, 80, *supra*) may be better.

Usually, the utterance of a truth does not provide a basis for redress and imports no wrongdoing, and consequently is not actionable unless, as in prima facie tort, the sole motivation is the intentional infliction of harm resulting in damage. "The remedy is invoked when the intention to harm, as distinguished from the intention merely to commit the act, is present, has motivated the action, and has caused the injury to plaintiff, all without excuse or justification." (*Ruza* v. *Ruza*, 286 App. Div. 767, 769, *supra*.) That is not so, however, when the medium that inflicts harm resulting in damage is an untruth. By its very nature a false statement intentionally made is wrongful. If it inflicts material harm upon another, which was or should have been in the contemplation of the actor, and it results in actual damage to the plaintiff's economic or legal relationships, an action may lie (Prosser, *op. cit.*, p. 760 *et seq.*). It logically follows that to sustain a complaint, it is not necessary that the pleading must allege that the defendant was solely motivated to injure the plaintiff. It is enough if the falsehoods charged were intentionally uttered and did in fact cause the plaintiff to suffer actual damage in his economic or legal relationships.

The Restatement of Torts (§ 873) formulates the rule thus: "A person who, with knowledge of its falsity, makes an untrue statement concerning another which he realizes will harm the other is liable to the other for such resulting harm as he should have realized might be caused by his statement."

From time to time, as logic and experience dictate, rules relevant to conventional torts are applied to actions for intentional harms. For instance, causation, sole motivation, excuse or justification are appropriate considerations in prima facie tort. It does not follow, however, that all of the requirements to plead and prove a cause of action grounded in prima facie tort must be applied without variation or refinement before recovery may be had in other kinds of intentional harms.

Assuming, as we must, the truth of the facts pleaded in the complaint under consideration, it is evident that the defendant's purpose in uttering false and misleading statements is similar to that condemned in *Gale* v. *Ryan* (263 App. Div. 76). It is urged that allegations of special damages are not required, under the authority of that case and *Al Raschid* v. *News Syndicate Co.* (265 N. Y. 1). The conclusion is not warranted. An examination of the record in *Gale* v. *Ryan* (*supra*) discloses that the 23d paragraph of the complaint specifically alleged damages that were special. Moreover, although the question was not squarely raised in the briefs, Mr. Justice O'MALLEY, speaking for this court, in an evident reference to the pleading, pointed out that the plaintiff was " subjected to great expense in the procurement of counsel."

In *Al Raschid* v. *News Syndicate* (265 N. Y. 1, *supra*), the question of damages was not a significant issue. The complaint was deemed by the majority in this court to be one that attempted to state a cause of action for malicious prosecution (239 App. Div. 289), and for that reason was dismissed as insufficient, without leave to replead. In his dissent, Mr. Justice FINCH expressed the view that a wrong having been pleaded, the plaintiff was entitled to maintain the action although the complaint did not plead a conventional tort. It became necessary for the Court of Appeals, therefore, to decide whether, absent allegations stating a conventional tort, a cause of action would lie. In holding that it would, the court said: " One may not be liable for malicious prosecutions and yet be legally responsible for maliciously circulating or giving false information resulting in intentional injury to another." (pp. 3–4.)

In its analysis of the *Al Raschid* complaint, the Court of Appeals reached another conclusion that is equally cogent here. It said (pp. 4–5): " He [the plaintiff] says the defendant

maliciously without any justifiable excuse gave false information to the immigration officials which caused his arrest and wrongful deportation to his damage. We must know, however, what the information was * * *. The information may have been harmless and the statement that it caused his arrest a mere conclusion or surmise, not a fact. A complaint must contain a concise statement of the material facts which must be proved upon the trial (Civ. Prac. Act, § 241). For this omission the pleading is bad."

The complaint under review does not comply with the quoted directions. Mere conclusions cannot take the place of a recital of ultimate facts.

For the reasons herein noted, the order made at Special Term should be affirmed, with costs.

BOTEIN, P. J., BREITEL, McNALLY and STEVENS, JJ., concur.

Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondent. The time of the plaintiffs to serve an amended complaint is extended up to and including April 21, 1959.