RUTH E. BUSK, Plaintiff, *v.* EZYINDEX PRODUCTS CORP. et al., Defendants.

Supreme Court, Special Term, Queens County, June 21, 1962.

*Lipson & Machinist* for defendants. *Raymond Reisler* for plaintiff.

ANTHONY M. LIVOTI, J. In an action, the gravamen of which is libel, the defendants move to dismiss for legal insufficiency both the first and second causes of action in the complaint.

The two causes of action are based on two letters written by the individual defendant to customers of the corporate defendant, which are not set forth in the body of the complaint but attached thereto. The letters are as follows:

" July 25, 1961

" We would greatly appreciate your cooperation in the future in directing all communications and correspondence relating to business with Ezyindex Products Corporation directly to this office of the company. Heretofore, some telephone communications, at least, have gone to Ruth E. Busk at Oyster Bay Cove.

Ruth E. Busk's attitude and conduct has been disruptive of good relations with many of our customers and employees. She has made statements regarding deliveries and conditions without adhering to the advice of the organization, which statements have been embarrassing to you as well as us. We are doing everything humanly possible to cope with this situation.

We have not as yet decided upon a direct sales representative for the variety chain sales. However, until such time, either Robert A. Gooding, our General Sales Manager, or I will be calling upon you.

Please direct all matters relating to orders to our Order Department, which is in charge of Mrs. Mary Gravina, or to the undersigned. You are, of course, free to communicate directly with me regarding any problems, and our entire organization will be very happy to serve you. If there are any communications with respect to orders which are current and have not yet been shipped or any business matters which have not yet been completed, we would greatly appreciate your advice in the matter, together with copies of the correspondence, if any, covering same. We regret the necessity of requesting this, but papers have been removed from the company's files and not returned, despite our request.

You can well imagine how much I regret to involve our business and personal relations with my private problems, but the situation has been forced upon me; otherwise I would not be writing you in this fashion.

Assuring you of my personal regards and best wishes, I remain

Sincerely,

/s/ Charles W. Busk

Charles W. Busk, Pres.''

CWB/h

'' March 7, 1962

'' PERSONAL

'' Re: Ruth E. Busk Competition

Dear Mr.

It has just been brought to my attention, and confirmed by some of you in the industry kind enough to do so, that Ruth Busk, my estranged wife, is now openly and actively engaged in direct business competition against Ezyindex and myself. This is truly '' biting the hand that feeds you '', in addition to very poor ethics.

By court order of Queens County, N. Y. Supreme Court Justice Samuel Rabin, I have been paying more than $350.00 *per week* (yearly basis over $18,000) toward the support of her and our child. Needless to say, this alone leaves me with a small personal income remainder.

From income received by her through my earnings and her own earnings out of Ezyindex during the eight years of our

marriage, she has commandeered for herself joint bank accounts and other valued interests amounting to tens of thousands of dollars. Obviously, she is not in need of funds for any reason whatever.

If she feels she must work even though extra money is not needed — and I herein must admit she is a capable person — we all know all fields are always wide open for good salesmen. Therefore, it certainly is not necessary for her to go into direct competition against my business interests. Her sales knowledge is so widely variable she once, for several years, sold steel boilers and other metal products fabrications. Truly, she could do well in any field. She had no knowledge of the indexing trade before our marriage, but had been successful in various others for almost twenty years before.

Apparently, some unethical manufacturer is intending to supply her with products similar to ours. We always expect and enjoy competition. However, and I feel you will agree, no man in his right mind would enjoy this type of competitor.

Our personal affairs do not belong in business, nor should they ever have any effect upon the good and proper judgment of a business man in his daily activities. I did not wish to " air my dirty linens ". I have been forced by her actions to do so by bringing these facts to your attention.

It is apparent Ruth has been telling her version about in the trade for months prior to this, without it having come to my attention before. I will try to refrain from boring you with my own personal side — the business facts should be sufficient.

Sincerely,

Charles W. Busk, Pres.

CWB/h

P.S. Ruth Busk is also a holder of 25% of the shares of Ezyindex Products Corporation stock!!! ''

The complaint, by way of innuendo, alleges in the first cause of action that the plaintiff was a person without honesty or integrity and without good business ethics; that she was unreliable in business affairs and that she was an unreasonable business risk; that the plaintiff did knowingly make false statements and did lie to stationery buyers from whom she had obtained orders; that she deliberately and knowingly gave false information to such stationery buyers, and that the plaintiff was a person who could not be trusted by such buyers; that she was incompetent as and unfit to be a chain sales representative and that she had purloined from the files of the defendant corporation letters and

other correspondence to it from customers from whom plaintiff had obtained orders for defendant corporation.

In relation to the second letter, the complaint alleges, by way of innuendo, that the plaintiff was and is unethical in her business and trade as a representative of manufacturers in obtaining orders from variety, drug and food chains; that she was unfit and unqualified to be a chain sales representative in the indexing trade; that she was and is attempting to obtain orders for products which were and are inferior to the products of the defendant corporation in that the same were produced by an unethical manufacturer; that she was and is acting contrary to good and ethical business practice in representing a manufacturer of products in the indexing trade and that by reason thereof plaintiff was and is unfit to obtain listings and orders from ethical variety, drug and food chains for the products of manufacturers; that plaintiff was and is a person incapable of being trusted and that she was and is without honesty and integrity; that she unlawfully had taken by force or by reprehensible means from the individual defendant large sums of money.

No special damages are set forth but the complaint claims that each of the letters were wholly false and untrue.

Although the alleged libelous letters are not set forth in the body of the complaint, but merely annexed thereto, the court will deem them to be part of the complaint as though they were fully set forth in the body thereof.

If language tends to injure a person in his business or occupation, it is actionable per se. (See *Hollingsworth* v. *Spectator Co.,* 49 App. Div. 16.) Thus, under the circumstances in the case at bar, the court must determine whether a fair and natural construction of the language used would permit a jury to reasonably find that such language did impair confidence in the character or ability of the plaintiff by charging her with, for example, dishonesty, lack of integrity and ability or the commission of some dishonorable, unbusinesslike or disgraceful acts and, therefore, did tend to injure the plaintiff in her business or occupation and thus be libelous per se. The words used may not be tortured so as to infer dishonesty, lack of integrity, or ability or the commission of some dishonorable, unbusinesslike and disgraceful acts. On the other hand, a possible and far-fetched construction may not be indulged in to find an inoffensive meaning in the language. (See *Ertheiler* v. *Bernheim,* 37 App. Div. 472; see, also, *Nichols* v. *Item Publishers,* 309 N. Y. 596.)

In the case at bar the statement in the first letter that the plaintiff's '' attitude and conduct has been disruptive of good

relations with many of our customers and employees. She has made statements regarding deliveries and conditions without adhering to the advice of the organization, which statements have been embarrassing to you as well as us ", fairly and naturally construed may import misconduct on the part of the plaintiff and, therefore, reflect upon her business character. Therefore, the court is of the opinion that the first letter is susceptible of a defamatory interpretation and thus the first cause of action is legally sufficient.

The second letter in part states that the plaintiff's conduct is "very poor ethics" which likewise can be naturally and fairly construed as an attack on the character and conduct of the plaintiff and, therefore, injure her with respect to her business. Thus the court is of the opinion that the second letter is susceptible of a defamatory interpretation and, therefore, the second cause of action is legally sufficient. Accordingly, the motion is in all respects denied.