■ NORMAN AMELKIN, Respondent, v. COMMERCIAL TRADING COMPANY, INC., et al., Appellants — Order, entered on January 25, 1965, which granted plaintiff's motion for reargument, and upon reargument recalling a prior decision of Special Term and denying defendant's motion made pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss the complaint, unanimously reversed on the law, with $30 costs and disbursements to appellants, and the motion to dismiss the complaint granted, with $10 costs. The action is in libel. The alleged libel was a letter written by defendant to plaintiff's employer, the Ætna Casualty and Surety Company. The letter is as follows " Dear Sir: We address this letter to you because we feel that your company has not acted properly. We are a commercial finance company in New York and have been financing the account of Anoroc Products, Inc. on, amongst other things, a chattel mortgage on its machinery and a factor's lien on its inventory. In October, 1962, Norman Amelkin, an agent working out of your Brooklyn office, wrote the above policy insuring the machine and inventory. Although

he knew of our interest, he neglected or refused to properly represent our interest in this policy. At the end of May, 1963, there was a sprinkler damage loss. The broker finally obtained a loss payable clause in our favor, effective as of June 26, 1963. On August 5, 1963, your company, out of your Brooklyn office drew a draft for approximately $17,250.00 in favor of Anoroc Products, Inc. On August 6, when we discovered the draft was drawn, we sent a telegram. After this, we spoke with Mr. Rodriguez and Mr. Deline of your Brooklyn office and urged them to include our name or, alternatively, to stop payment on the check. They refused. We believe your Proof of Loss form contains provisions under oath, for any other interests in the destroyed property. Your Brooklyn office, as well as the agent who handled the matter, were made aware of our interest at a time when they could have properly safeguarded it. Our security has been depleted. We are $17,250.00 out of pocket, and unless your company makes proper amends, we shall take appropriate steps to protect our interest. We would appreciate your looking into the matter and advising us." An examination of this letter reveals that if the plaintiff is defamed thereby it could only be with respect to his business, profession or occupation. To find such a defamation it is essential that the allegedly offensive writing charge the plaintiff, in effect, with being "ignorant, incompetent, [or] incapable in his calling" (Seelman, Law of Libel and Slander in the State of New York [rev. ed.], p. 21) and thereby tend to injure him in that capacity (*Kleeberg* v. *Sipser*, 265 N. Y. 87, 91–92). A fair reading of this letter — in the light of the surrounding circumstances disclosed therein — does not permit of a finding that the plaintiff has been so charged. In any event, the complaint is defective by reason of the failure to allege special damages. "Language charging a professional man with ignorance or mistake on a single occasion only and not accusing him of general ignorance or lack of skill cannot be considered defamatory on its face and so is not actionable unless special damages are pleaded" (*November* v. *Time*, 13 N Y 2d 175, 178). At best, what plaintiff is charged with is that he acted improperly on a single occasion, and the charge is not broad enough to accuse him of general incompetence or ignorance. Such a limited accusation renders applicable the "single instance" rule thereby making the failure to allege special damages a defect requiring dismissal of the complaint. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.