■ BARBARA McGRAW, Respondent, v ROGER WATKINS, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered February 13, 1974 in Otsego County, which denied defendant's motion for summary judgment dismissing the complaint. Plaintiff asserts two causes of action in her amended complaint, seeking an injunction and damages for invasion of her right to privacy in violation of sections 50 and 51 of the Civil Rights Law and for libel. Both are founded essentially on the same facts. For her first cause of action plaintiff alleges, in substance, that she agreed to pose in the nude for a movie defendant intended to produce on his representation that the movie had an artistic plot and defendant needed nude scenes to lend artistic credence to such plot. She executed a release valid against any claims she might have under sections 50 and 51 of the Civil Rights Law. Shortly after the scenes were filmed plaintiff changed her mind and obtained an agreement in writing from defendant voiding such release and he stated he would not utilize, publish or exhibit the photographed poses of plaintiff in his film, nor show them to any other person. The complaint further alleges that defendant thereafter included a nude scene of plaintiff in said film and has publicized and exhibited such film to many people known to plaintiff and others, all to plaintiff's shame, disgrace and embarrassment; and that he has also shown "other poses of the plaintiff" not included in the film to many people, all to plaintiff's shame and ridicule. It

is further alleged that the film is a movie of little plot, and nothing more than a series of scenes depicting pornography, obscenity and violence; that the purpose of producing it was to enhance the financial interest of defendant and that defendant intends to exhibit the film at the film festival at Cannes, France, in the hope of obtaining financial backing for its production throughout the United States and Europe. For her second cause of action, plaintiff repeats several of the above allegations and further alleges that the use by defendant of plaintiff's photographs has caused her to be shamed and held up to ridicule in the community and that defendant has continued to and still does use and exhibit said photographed scenes of plaintiff, all to plaintiff's damage. On this record it is apparent that plaintiff has failed to make a case against defendant, either on her action under sections 50 and 51 of the Civil Rights Law or on her action for libel. We are not here concerned with whatever other cause of action plaintiff may have. Section 51 of the Civil Rights Law provides that injunctive relief and damages may be recovered by "Any person whose name, portrait or picture is used * * * for advertising purposes or for the purposes of trade without * * * consent". A finding that plaintiff's picture was used for "advertising purposes or for the purposes of trade" is essential to a determination that her right of privacy has been violated. From an examination of the pleadings and the moving papers, we can find no such claim. More specifically it is significant that there is no allegation that defendant made a charge for any of the alleged exhibitions of the film. In our view, the alleged use of plaintiff's picture by defendant was not for advertising purposes or for the purposes of trade and, therefore, it is not within the statute's prohibitive provisions. Since the statute is in derogation of the common law, it must be strictly construed. The manner in which plaintiff has pleaded the libel is most inarticulate and equivocal. Since no special damage is pleaded, she can maintain her action for libel only by establishing that the exhibition of the photographs was libelous per se. In our opinion, a film strip which includes a scene of plaintiff posing in the nude does not necessarily impute unchastity to plaintiff and, therefore, the exhibition thereof by defendant was not libelous per se. As a matter of law, the complaint must be dismissed and summary judgment granted to defendant. Order reversed, on the law, and complaint dismissed, without costs. Sweeney, Kane, Larkin and Reynolds, JJ., concur; Greenblott, J. P., dissents and votes to affirm in the following memorandum. Greenblott, J. P. (dissenting). In my view there are fact questions here presented which should be left until the time of trial for resolution. Plaintiff should be allowed an opportunity to present evidence in support of the allegations in her complaint that the defendant intended to exhibit the film at the film festival at Cannes, France, in the hope of obtaining financial backing for his production. Such proof would satisfy the requirements of the Civil Rights Law that the picture be used for "advertising purposes or for the purposes of trade". (§ 51.) I, therefore, dissent and vote to affirm the judgment of Special Term denying defendant's motion to dismiss the complaint.