■ In the Matter of the Grand Jury Subpoenas Served upon NAOMI BURNS et al., Appellants.—Order, Supreme Court, New York County, entered on August 1, 1975, unanimously affirmed, without costs and without disbursements, essentially for the reasons stated in the opinion of Culkin, J. at Trial Term; and appeal from the order of said court entered on September 19, 1975, is unanimously dismissed, without costs and without disbursements. The stay granted by order of this court entered on September 30, 1975, is vacated. Appellant's application, made on oral argument, to file a supplemental record is denied. No opinion. Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Yesawich, JJ.

■ GREGG S. MORAN, Respondent, v HEARST CORPORATION et al., Appellants, et al., Defendants. DANIEL D. MORAN, Respondent, v HEARST CORPORATION et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered on May 3, 1975, denying defendants-appellants' motions to dismiss the complaints herein for failure to state a cause of action, unanimously reversed, on the law, and complaints dismissed, with $60 costs and disbursements to appellants. The article and language involved in these actions did not constitute libel per se in that it did not tend "to expose [plaintiffs] to hatred, contempt or aversion, or to induce an evil or unsavory opinion of [them] in the minds of a substantial number of the community", *(Mencher v Chesley,* 297 NY 94, 100) and, since no special damages are claimed, Special Term clearly erred in failing to grant the motions to dismiss. Concur—Markewich, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.

■ VIVIAN WINSTON, Respondent, v JOHN WINSTON, Appellant.—Order, Supreme Court, New York County, entered June 10, 1975 which directed *inter alia* temporary alimony in the sum of $200 per week; temporary child support in the sum of $100 per week; payment of any and all arrears due under the order; payment of rent and utility charges for the marital apartment; payment of tuition and related fees for private school on behalf of the parties' daughter; and payment of counsel fees in the amount of $3,000, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reducing the award for temporary alimony to $125 per week; reducing the award for temporary child support to $75 per week; reducing counsel fees to $1,750, and eliminating the award for private school tuition and related expenses as well as the award for summer camp costs and as so modified, the order is affirmed, without costs or disbursements. Upon this record we conclude that the awards for temporary alimony, temporary child support and counsel fees were excessive to the extent indicated. Furthermore, under all the circumstances herein, the awards for payment of private school tuition and summer camp costs were inappropriate. Concur—Markewich, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.