■ KATHLEEN K. SUTTER et al., Appellants, v ROBERT E. SEYDEL, Respondent.—Judgment unanimously affirmed, without costs, without prejudice to the institution of a new action or service of a new complaint joining the estate of Mattie T. Swanson as a party in accordance with the following memorandum: In affirming the judgment of the trial court we do not reach the merits of the question presented, except as hereafter stated, since all parties who may be affected by the judgment are not before the court. Plaintiff Sutter is a party interested in the event, wishing to testify as a witness in her own behalf and interest as defined by CPLR 4519, and she may be subject to the limitation expressed in the statute if the proper party were to invoke the statute. The defendant is not a party deriving title or

interest from, through or under a deceased person within the scope of the statute. He may neither assert the protection of the statute nor may his testimony be limited by the statute (see *Matter of Levinsky,* 23 AD2d 25, 31). If the plaintiffs wish to have the matter adjudicated on the merits, they may commence a new action adding the estate of Mattie T. Swanson, a necessary party to a final resolution of the rights of all persons who may have an interest in the real property in question (CPLR 1003). (Appeal from judgment of Chautauqua Supreme Court—dismiss complaint.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.