Joseph J. SADOWY, Plaintiff,

v.

SONY CORPORATION OF AMERICA, Defendant.

No. 78 Civ. 2280 (KTD).

United States District Court, S. D. New York.

July 14, 1980.

Bass, Ullman & Lustigman, New York City, for plaintiff; Robert Ullman, Sheldon S. Lustigman, Steven R. Trost, New York City, of counsel.

Rosenman, Colin, Freund, Lewis & Cohen, New York City, for defendant.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

This is an action based on diversity of citizenship in which plaintiff Joseph J. Sadowy, defendant's former General Manager for the Eastern Region of the United States, seeks several million dollars in damages from defendant Sony Corporation of America [hereinafter referred to as "Sonam"] for alleged harm to plaintiff's business reputation caused by Sonam after it terminated plaintiff's employment. Sonam has also brought four counterclaims against Sadowy. The matter comes before the court on plaintiff's motion under Fed.R. Civ.P. 12(b)(6) to dismiss Sonam's second, third, and fourth counterclaims, and defendant's cross motion to dismiss the Amended Complaint under Fed.R.Civ.P. 12(b), or, in the alternative, for summary judgment under Fed.R.Civ.P. 56.

*The Amended Complaint*

Defendant makes several arguments against each of the five counts in the Amended Complaint. Each will be addressed in turn.

*Count One*

Count one pleads a *prima facie* tort in that defendant, its employees and agents "have maliciously engaged in an intentional campaign to inflict injury upon the plaintiff in order to destroy his reputation in the consumer electronics business community, and to insure that plaintiff would never be employed in the same or similar capacity in which he had been previously employed." Amended Complaint ¶ 23.

The elements of a claim for *prima facie* tort are (i) the infliction of intentional harm; (ii) resulting in damages; (iii) without excuse or justification; (iv) by an act or series of acts that would otherwise be lawful. *Avigliano v. Sumitomo*, 473 F.Supp. 506, 515 (S.D.N.Y.1979); *Sommer v. Kaufman*, 59 A.D.2d 843, 844, 399 N.Y.S.2d 7, 8 (1st Dep't 1977).

Defendant attacks this count as insufficiently pled in that (i) it fails to allege that

defendant's motivation was limited solely to a desire to harm plaintiff; (ii) it fails to plead special damages; and (iii) it actually pleads the traditional tort of defamation. Alternatively, defendant argues that uncontrovertible facts entitle defendant to summary judgment in its favor.

Defendant argues that count one fails to state a claim and must be dismissed under *Korry v. ITT*, 444 F.Supp. 193, 195 (S.D.N.Y.1978) (". . . it is well settled that a claim of *prima facie* tort does not lie where the defendants' action has any motive other than a desire to injure plaintiff"). Apparently, relying on certain statements in Sadowy's affidavits, defendant argues that Sadowy has not met this pleading requirement because of his belief that the alleged slanderous statements made about him were initially part of a Sonam cover–up of its own illegal activities.

Sadowy does state that Sonam's co–operative advertising program was merely a hidden discount to certain dealers in that these dealers received credit for fictitious advertising expenditures. Sadowy's affidavit also states that Sonam "apparently" engineered his dismissal in order to disassociate itself from questionable practices, particularly the co–operative advertising program, that were then coming under legal scrutiny.

I have serious doubts that a complaint sounding in *prima facie* tort must be dismissed where the "other" motive is illegal or covering up illegality, but that question need not be faced here. It is the allegations of the complaint which must survive a motion to dismiss for failure to state a claim. Sadowy's Amended Complaint survives this attack on the adequacy of its pleadings since it alleges that the harmful acts and statements complained of were done "solely to maliciously and wantonly injure plaintiff." Amended Complaint ¶ 26. Sadowy further alleges that the attempt to involve him in a criminal investigation "was engendered solely to injure plaintiff and subject him to further harassment" (Amended Complaint ¶ 32), and that "[t]he sole motive of Sonam, its

employees and agents as to the acts complained of hereinabove, was deliberately to injure plaintiff by destroying his good name and reputation and ensure that plaintiff would be unable to obtain employment in the same capacity as he had been previously employed by Sonam." (Amended Complaint ¶ 41).

Thus, a fair reading of the Amended Complaint shows that count one clearly and repeatedly pleads that Sonam's sole motivation for the course of its allegedly harmful acts against plaintiff was to cause injury. There is not one word in count one alluding to any further motive on the part of Sonam. Accordingly, this argument of Sonam fails. See the discussion of count five and alternative pleading, *infra*.

Sonam next argues that this count must be dismissed for Sadowy's failure to plead special damages. The damages sought under count one consist of $1,000,000 for the loss of plaintiff's good name and reputation, $500,000 for loss of income (equalling plaintiff's approximately $50,000 a year salary for the number of years he could work before reaching Sonam's retirement age), $500,000 for pain and suffering, $1,000,000 punitive damages. Defendant contends that these are "damages of the most general sort, estimated in turns of round numbers, without a pretense of exact mathematical computation or factual substantiation."

Defendant is correct that special damages, specifically itemized, are an element of a claim for *prima facie* tort. *Penn–Ohio Steel Corp. v. Allis–Chalmers Mfg. Co.*, 7 A.D.2d 441, 184 N.Y.S.2d 58, *modified on other grounds*, 8 A.D.2d 808, 187 N.Y.S.2d 476 (1st Dep't 1959). In the case at hand, the claim for $500,000 for lost income originally pleads special damages. *Korry v. ITT, supra*, 444 F.Supp. at 197. Defendant concedes that lost income can constitute special damages, but argues that count one does not state a claim for wrongful termination, and therefore, these special damages do not flow from this count.

■ The problem with this argument is that the entire thrust of count one is that defendant's actions and statements prevented plaintiff from obtaining subsequent employment in the electronics industry. Plaintiff alleges that he has sought such employment and, despite a successful professional record, was unable to find any. Plaintiff's calculation of his lost income was reasonably based on his previous salary while at Sonam, i. e., $50,000 a year for the ten years he could have worked before reaching Sonam's mandatory retirement age. In the context of the first count, this claim for $500,000 lost income is "a statement of reasonably identifiable losses sustained by the plaintiff." *Bohm v. Holzberg*, 47 A.D.2d 764, 365 N.Y.S.2d 262, 264 (2d Dep't 1975), and as such is "sufficiently alleged to put the defendant on notice as to the precise nature of the damages in order that the defendant might be prepared to defend the action." *McCullough v. Certain Tweed Products Corp.*, 70 A.D.2d 771, 417 N.Y.S.2d 353, 354 (4th Dep't 1979).

■ The claim for lost income preserves plaintiff's first count. The remaining monetary claims in count one are stricken unless plaintiff can replead within 20 days to state a claim for any further actual losses attributable to the allegations of count one. *Diehl & Sons, Inc. v. International Harvestor*, 445 F.Supp. 282, 292 (E.D.N.Y.1978); *Korry v. ITT, supra*, 444 F.Supp. at 197; *Groat v. Town Board of Glenville*, 100 Misc.2d 326, 329, 418 N.Y.S.2d 842, 845 (Sup. Ct.1979).

■ Defendant's next argument (that count one actually pleads the tort of defamation and therefore must be dismissed as a claim for *prima facie* tort) is easily disposed of. It is correct that an action for *prima facie* tort will not lie where the allegations fall within the scope of a traditional tort theory, such as defamation. *Belsky v. Lowenthal*, 62 A.D.2d 319, 405 N.Y.S.2d 62 (1st Dep't 1978), *aff'd on opinion below*, 47 N.Y.2d 820, 392 N.E.2d 560, 418 N.Y.S.2d 573 (1979).

■ Defendant, however, misreads count one, which is not premised solely on defamatory statements, as the second, third, and fourth counts are, but rather on an entire course of conduct consisting of defamatory statements and publications, innuendo, contacting the Manhattan District Attorney's Office to institute a criminal investigation, and failing to cooperate with that investigation once begun. The fact that some of the specific facts alleged in this count can also sound in defamation does not mean that this is merely a defamation count dressed in other garb. A claim for *prima facie* tort may be pled alternatively with other claims. *Board of Education v. Farmingdale Classroom Teachers*, 38 N.Y.2d 397, 406, 343 N.E.2d 278, 285, 380 N.Y.S.2d 635, 645 (1975).

Accordingly, this count cannot be dismissed for failure to state a claim upon which relief can be granted.

■ Nor is defendant any more successful on its motion for summary judgment. Defendant submits affidavits of Richard F. O'Brion and Jerry Sarvis, presently executives with two of Sony's competitors, to the effect that they did not hear any offending statements from Sonam employees, as alleged in ¶ 33 of the Amended Complaint. This argument might bear closer scrutiny if, as defendant seems mistakenly to believe, count one merely alleged defamatory statements made by Sonam employees to the two affiants. In fact, as discussed above, count one alleges a *prima facie* tort, one factual element of which consists of statements made by Sonam employees. Unanswered factual questions are raised in count one by the allegations about the criminal investigation in the Manhattan District Attorney's Office. Furthermore, plaintiff has submitted relevant portions of testimony that raise questions of fact concerning other alleged defamatory statements that are properly to be submitted to a jury.

Accordingly, plaintiff's first count withstands defendant's legal and factual assaults, and defendant's motion to dismiss it, or in the alternative for summary judgment, must be denied.

*Count Five*

As both parties point out, counts one and five are substantially similar. Defendant contends that since this is so, the counts are merely duplicative, and argues that count five should be dismissed for the same reasons that count one should be dismissed.

■ Defendant is incorrect. First, the counts are not identical. Count one alleges a *prima facie* tort; count five alleges injurious falsehood. The tort of injurious falsehood was described at some length in *Penn–Ohio Steel Corp. v. Allis–Chalmers Mfg. Co., supra*, 7 A.D.2d at 444–45, 184 N.Y.S.2d at 61 (1st Dep't 1959). For present purposes, it is sufficient to note that the difference between *prima facie* tort and the tort of injurious falsehood is the element of intent, *i. e.*, in the former, defendant's sole motivation must be to cause injury to the plaintiff. If the defendant acts from mixed motives, a claim for *prima facie* tort is not made out. *Glenn v. Advertising Publications, Inc.*, 251 F.Supp. 889, 906–07 (S.D.N.Y.1966). Pleading *prima facie* tort and injurious falsehood in the alternative is perfectly acceptable, as long as both torts have been properly pled, as is true here. Which tort will serve as the basis for any possible recovery must, of course, await the proof at trial.

Other than the argument that they are repetitious, the arguments with which Sonam assails count five are the same it used against count one. Accordingly, and for the same reasons, the assault on count five must fail.

*Count Two*

Count two alleges five statements made by Sonam's Vice President, Joseph Lagore, and by its National Sales Manager, Edward Adis, to Stanley Hollander, that Sadowy argues constitute slander *per se*. The five statements are:

Joe Sadowy is an alcoholic.

Joe Sadowy was taking bribes when he was with Sony..

Joe Sadowy left home and his wife and son.

Joe Sadowy disappeared from a dealer's open house for three days and they couldn't find him.

Girls were brought to Joe in limousines.

Sonam argues that only the second statement could possibly constitute slander *per se* and that therefore the others require allegations of special damages which plaintiff has failed to plead. Defendant also argues that Adis and Lagore deny, by affidavit, having made any of the statements, and that therefore this count should be dismissed as lacking in factual support. Plaintiff responds that all of the statements in context constitute slander *per se* and hence need no allegations of special damages. Plaintiff also argues that he has pled special damages in any event, and that there exist questions of fact which preclude summary judgment on this count.

■ A statement is slanderous *per se* if it charges an individual with having committed a crime, attributes to the individual a loathsome disease, charges a woman with unchastity, or would tend to injure an individual in his trade, office, occupation, business or profession. Any otherwise defamatory statement requires allegations of special damages. *Gunsberg v. Roseland Corp.*, 34 Misc.2d 220, 221, 225 N.Y.S.2d 1020, 1021 (Sup.Ct.1962); *Ianucci v. Von Hagen*, 198 N.Y.S.2d 386, 387 (Sup.Ct.1960).

■ It is undisputed that the statement about taking bribes constitutes, if proven, slander *per se*, and accordingly needs no allegations of special damages.

■ Similarly, the fourth statement concerning Sadowy's absence from a dealer's open house for three days are words that tend "to disparage a person in the way of his office, profession or trade", *J.P. McCullough v. Certain Tweed Products Corp., supra*, 70 A.D.2d at 771, 417 N.Y.S.2d 355 (4th Dep't 1979), and are therefore slanderous *per se*. Defendant argues that the open house statement is removed from the category of slander *per se* by operation of the "single instance" rule, whereby a statement that relates a single act of business or professional misfeasance is not ac-

tionable, absent special damages. *Bordoni v. New York Times Co.*, 400 F.Supp. 1223, 1228–29 (S.D.N.Y.1975); *Amelkin v. Commercial Trading Co.*, 23 A.D.2d 830, 831, 259 N.Y.S.2d 396, 398 (1st Dep't 1965), *aff'd*, 17 N.Y.2d 500, 214 N.E.2d 379, 267 N.Y.S.2d 218 (1966). However, this remark smacks more of reporting a characteristic of the plaintiff, *i. e.*, that he is professionally unreliable or irresponsible, than of reporting one single act or omission which in some way reflects badly on his professional competence. Accordingly, the "single instance" rule will not be applied to this statement.

█ As regards the remaining three statements, they must be read against the background of their issuance, *James v. Gannet Co., Inc.*, 40 N.Y.2d 415, 420, 353 N.E.2d 834, 838, 386 N.Y.S.2d 871, 874 (1976), to see if they tend to expose the plaintiff to "hatred, contempt or aversion, or to induce an evil or unsavory opinion of [him] in the minds of a substantial number of the community." *Moran v. Hearst Corp.*, 50 A.D.2d 527, 375 N.Y.S.2d 113–14 (1st Dep't 1975), *aff'd mem.*, 40 N.Y.2d 1071, 360 N.E.2d 932, 392 N.Y.S.2d 253 (1976). It appears that such statements, made during an electronics trade show, to another member of the profession, about plaintiff, who had recently been fired by Sony, can constitute libel *per se.* The circumstances, however, will have to be proven at trial to show that these statements in their factual context, did tend "to disparage [Sadowy] in the way of his office, profession or trade". *J.P. McCullough v. Certain Tweed Products Corp., supra*, 70 A.D.2d at 771, 417 N.Y.S.2d at 355 (4th Dep't 1979). *See Shakun v. Sadinoff*, 272 A.D. 721, 74 N.Y.S.2d 556 (1st Dep't 1947).

█ The legal sufficiency of count two does not end the matter, however, since defendant also argues that it is entitled to summary judgment on the undisputed facts that the statements in question were never made. Defendant rests this argument on the affidavits of Joseph Lagore and Edward Adis, the Sony executives who allegedly made the statements, and deposition testimony of Stanley Hollander, the person to whom the statements allegedly were made. Lagore and Adis deny making the remarks. Hollander's testimony, however, is sufficiently equivocal to require testing and evaluation by the trier of fact. Specifically, Hollander testified at his deposition that he did recall something being said about two or three of the five statements alleged in count two. Furthermore, there are other contradictions between the affidavits and the Hollander deposition which, although not directly relevant to this count, do indicate that the facts are not sufficiently clear and undisputed to warrant summary judgment. For example, Lagore states in ¶ 4 of his affidavit, that he called Hollander and Hollander asked why Sadowy was no longer with Sonam. In response to this question, Lagore asked Hollander what he thought had happened, and Hollander replied, according to Lagore, that "it probably had something to do with advertising and Computer Cast." When asked at his deposition if Sadowy ever suggested that Hollander use an advertising agency named Computer Cast, Hollander answered: "I never heard of that company."

Defendant's motion to dismiss count two must also be denied.

### Counts Three and Four

Defendant is correct, however, in arguing that counts three and four must be dismissed. Both counts allege defamatory statements made by Sonam employees to third parties.

█ Count three is based on the allegation that Mollie Strassheim, a secretary at Sonam, told "Mary Suess"[1] that "Joe Sadowy embezzled $1,000,000." Defendants have established by affidavit, and plaintiff

1. Mary McKay, nee Suess, is a former employee of Sonam who was making a personal visit to the office to show off her new baby when the alleged defamatory statement was made. Plaintiff argues that Strassheim was an authorized spokesperson for Sonam and that her statement to housewife "Suess" damaged his professional reputation in the electronics industry. The circumstances support the conclusion that these allegations are frivolous.

does not dispute, that Mollie Strassheim claims never to have made the statement and had no reason to believe that Sadowy had embezzled any money; that Mary McKay claims that she never heard the statement; and that Linda Bury, the only other person present at the time of the conversation, also claims that the statement was never made. Furthermore, in his deposition, Sadowy claims that he knows of no other witness to the conversation in question. Accordingly, there is no outstanding question of fact on this count that requires a trial for its resolution. Plaintiff's only attempt to raise such a question is to argue that Mollie Strassheim was somehow authorized by an unknown person at Sonam to act as some sort of spokesperson for the company. The only basis for such a claim is ¶ 5(a) of Strassheim's affidavit which reads:

I recall having received instructions from the company (although I am not certain from whom) that if I was contacted by the press on the question of Sadowy's departure I was to say only that he was no longer with the company, and that I did not know why. I followed those instructions when speaking to Mary.

Far from raising a disputed question about Strassheim's "authorization" to speak for Sonam, this statement further supports defendant's claim that no defamatory remarks were made by Sonam or by Strassheim.

Since, unlike count two, there is here no state of facts upon which plaintiff could prevail, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), Sonam is entitled to summary judgment dismissing count three.

■ In a similar vein, count four charges a former Sonam employee, Doug Zullo, with telling George Brot, a dealer in Sony products, that "Joe Sadowy embezzled $2,000,000." Both Zullo and Brot unequivocally swear that no such statement was ever made by the former to the latter. Sadowy himself admits, in his deposition testimony, that he was not present at the conversation in question, and knows of no

one else who was. Again, plaintiff does not assail these affidavits, or offer any further proof of his claim, but merely attempts to argue that Zullo was somehow "authorized to make statements on behalf of Sonam." Even assuming that Zullo was an authorized public relations spokesman for Sonam, which he clearly was not, count four fails if the alleged statement was not made. Defendant has offered conclusive proof that it was not made, and count four must also be dismissed.

*Sonam's Counterclaims*

Sonam's Amended Answer states four counterclaims against Sadowy. Sadowy moves to dismiss the second, third, and fourth of these.

*Second Counterclaim*

■ Sonam's second counterclaim seeks to state a claim against Sadowy for injurious falsehood and tortious interference with a contract. In essence, Sonam's injurious falsehood claim appears to be that because Sadowy, and others, allegedly spoke ill of Sonam's cooperative advertising program, Sonam has been damaged. While it may be possible to fashion an injurious falsehood claim from these allegations, Sonam has not done so, primarily because Sonam has not alleged with sufficient particularity either what the falsehoods in question were, nor the special damages which flowed from them. *Penn–Ohio Steel Corp. v. Allis–Chalmers Mfg. Co., supra,* 7 A.D.2d 441, 184 N.Y.S.2d 58. Costs for attorneys can possibly constitute special damages, as Sonam argues, but no causal connection at all has been indicated between any statements by Sadowy and the expenditure of any legal fees. Furthermore, the bare assertion that legal fees have been expended cannot suffice in any event.

■ Similarly, Sonam has not adequately pled the essential elements of the tort of interference with a contract: (1) the existence of a valid contract; (2) knowledge of the same; (3) the intentional procurement of its breach; and (4) damages. *Isra-*

**1080**

*el v. Wood Dolson Co.*, 1 N.Y.2d 116, 120, 134 N.E.2d 97, 99, 151 N.Y.S.2d 1, 5 (1966). Sonam's bare allegations on this point hardly state an adequate claim:

> The attorney for both Schwimmer and Sadowy, at the instance of Schwimmer and Sadowy, caused Goldklang to stop payment on a check for $161,847.28 for goods sold and delivered to Goldklang's corporation, Pioneer, by Sonam;

Amended Answer ¶ 49(a).

 Furthermore, the element of intent in this cause of action is similar to that required for a *prima facie* tort, that is, the actor must act with "exclusive malicious motivation." *Wegman v. Dairylea Cooperative, Inc.*, 50 A.D.2d 108, 115, 376 N.Y.S.2d 728, 736 (4th Dep't 1975), *appeal dismissed*, 38 N.Y.2d 918, 346 N.E.2d 817, 382 N.Y.S.2d 979 (1976) and the interference may not be merely incidental to some other lawful purpose, *Alvord & Swift v. Stewart M. Muller Constr. Co.*, 46 N.Y.2d 276, 282, 385 N.E.2d 1238, 1241, 413 N.Y.S.2d 309, 312 (1978).

Accordingly, Sadowy's motion to dismiss the second counterclaim is granted, with leave to Sonam to amend the counterclaim within twenty (20) days, if it can, to state a supportable claim. It should be added, however, that the Court will not look favorably on a pleading that is legally sufficient but factually insupportable.

*Third Counterclaim*

 Sonam's third counterclaim states a claim for breach of an employee's duty to his employer. Specifically, Sonam alleges that Sadowy breached the fiduciary duty he owed to Sonam, *Duane Jones Co. v. Burke*, 306 N.Y. 172, 117 N.E. 237 (1954). Sadowy attempts to challenge this cause of action by arguing that various provisions of New York Business Corporation Law create a fiduciary duty on the part of officers and directors of a corporation, but fail to include employees. This argument is irrelevant. It cannot be doubted that Sadowy, Sonam's General Manager for its Eastern Region, owed a duty of loyalty to his employer. *Arnold's Ice Cream Co. v. Carlson*, 330 F.Supp. 1185, 1188 (E.D.N.Y.1971), and that he could have breached the same by

depriving Sonam of the benefit of its cooperative advertising program.

*Fourth Counterclaim*

 In its fourth counterclaim, Sonam seeks the return of certain documents and tape recordings belonging to it. Sadowy responds that he has returned these items and that this counterclaim should be dismissed as moot. Sonam argues that it is not moot, since Sadowy has returned only copies of certain documents and not the originals, and since he has not returned the tape recordings.

The papers obviously reveal disputed questions of fact which preclude judgment at this stage. The motion to dismiss the fourth counterclaim is denied.

To recapitulate, Sonam's motion is denied insofar as it seeks dismissal of counts one, two, and five. Summary judgment in favor of Sonam is granted on counts three and four. Sadowy's motion to dismiss is granted as to the second counterclaim, with leave to replead in twenty (20) days, and denied as to the third and fourth counterclaims.

So ordered.