■ KATHLEEN K. SUTTER et al., Appellants, v ROBERT E. SEYDEL et al., Respondents. — Order unanimously reversed, with costs, and motion granted in accordance with the following memorandum: Plaintiffs commenced an action against defendants seeking possession of a deed to real property in Chautauqua County allegedly prepared by defendant Seydel, an attorney, and executed by decedent Mattie T. Swanson, in which plaintiffs were the named grantees. In the alternative they seek money damages against Seydel for attorney's fees incurred in bringing the action and for the value of the property in question in the event they are unable to succeed in their first cause of action to obtain either the deed or an order to record it. In answering the complaint, defendant executor asserted affirmative defenses, among which was that the real property in question had earlier been conveyed to third parties in good faith and in reliance upon the professional advice of defendant Seydel, as the

attorney for the estate of Mattie T. Swanson. Defendant executor also affirmatively alleged his intention of asserting rights available to him under CPLR 4519. After the second cause of action, seeking money damages, had been dismissed as to defendant executor for failure to state a cause of action in an earlier motion, plaintiffs moved for an order, denominated by them as one to sever the two causes of action and for separate trials. An examination of the affidavit in support of this motion, however, discloses that plaintiffs sought much more than severance. They conceded that the action to obtain possession of the deed is moot and would not benefit them since the real property had been sold and that the only remaining issue to be tried is the claim against defendant Seydel for damages based upon negligence. They thus requested, *inter alia,* that the first cause of action against both defendants be dismissed as moot and on the further ground that CPLR 4519 prevents them from proving their cause of action so long as the estate remains a party to the action. Since the estate of Mattie T. Swanson no longer has an interest in the real property in question, the executor is not a necessary or proper party to the action (CPLR 1001). It thus appears that plaintiffs have abandoned the first cause of action. Although he has asserted it as an affirmative defense, the statutory protection is not available to defendant Seydel in an action against him alone (see *Sutter v Seydel,* 70 AD2d 770). However, since plaintiffs assert that the only issue which retains any viability is the one against defendant Seydel for damages, the first cause of action should have been dismissed, making the motion to sever academic. Under the circumstances of this case, it would have been an abuse of discretion not to sever the two causes of action (CPLR 603). (Appeal from order of Chautauqua Supreme Court, Ricotta, J. — motion for severance.) Present — Dillon, P.J., Callahan, Doerr, Moule, and Schnepp, JJ.