**Gail DAVIS, Plaintiff,**

v.

**Diana ROSS, Defendant.**

**No. 84 Civ. 1127 (RLC).**

United States District Court,
S.D. New York.

Sept. 21, 1984.

Pryor, Cashman, Sherman & Flynn, New York City, for plaintiff; Donald S. Zakarin, Barbara L. Kagedan, New York City, of counsel.

Peter Tufo, Anita Barrett, Tufo & Zuccotti, New York City, for defendant; Floyd Abrams, Dean Ringel, Cahill, Gordon & Reindel, New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff, Gail Davis, worked as an "executive assistant" to defendant Diana Ross, a

nationally known singer and actress, from January to November, 1982. Plaintiff alleges that she resigned from her employment voluntarily. She further alleges that on or about October 11, 1983, defendant wrote and publicly disseminated the following letter:

To whom it may concern:

The following people are no longer in my employment:

Carol Acquisto

Deedy (Dorothy) Collins

Susan Stratton

Karen & Scott Webster

Robin Bell

Beth Pearl Kraft

Gail Davis

If I let an employee go, it's because either their work or their personal habits are not acceptable to me. I do not recommend these people. In fact, if you hear from these people, and they use my name as a reference, I wish to be contacted.

/s/ Diana Ross

Exh. A to Complaint. Plaintiff contends that she was libeled by this letter. Defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6).[1]

■ The complaint demands judgment for $2 million, equally divided between compensatory and punitive damages. This round-figured claim, with no itemization, is merely a claim for general damages. *Drug Corp. v. Curtis Publishing Co.*, 7 N.Y.2d 435, 199 N.Y.S.2d 33, 37, 166 N.E.2d 319, 321 (1960). Plaintiff has not pleaded any special damage resulting from the alleged libel. Under New York law, which both parties agree governs this action, such general allegations of damage are sufficient only if the offending writing is defamatory on its face, that is, libelous *per se.* *El Meson Espanol v. NYM Corp.*, 521 F.2d 737, 740 (2d Cir.1975); *James v. Gannett Co.*, 40 N.Y.2d 415, 386 N.Y.S.2d 871, 874, 353 N.E.2d 834, 837 (1976); *McGraw v. Watkins*, 49 A.D.2d 958, 373 N.Y.S.2d 663,

665 (3d Dept.1975). Thus, as a threshold matter, the court must decide whether, as a matter of law, defendant's letter, read fairly and as a whole, is reasonably susceptible of a reading that would render it libelous *per se.* *El Meson Espanol v. NYM Corp., supra,* 521 F.2d at 739–40; *Tracy v. Newsday, Inc.,* 5 N.Y.2d 134, 182 N.Y.S.2d 1, 3, 155 N.E.2d 853, 854 (1959); *James v. Gannett Co., supra,* 386 N.Y.S.2d at 874, 353 N.E.2d at 837.

■ As a general rule, a writing is libelous *per se* "if it tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community ...." *Nichols v. Item Publishers, Inc.,* 309 N.Y. 596, 132 N.E.2d 860, 861–62 (1956). Nothing on the face of defendant's letter would so affect plaintiff and the court does not understand plaintiff to claim to the contrary. Words not otherwise defamatory, however, may become so if they are used in connection with a person's business or professional life. *Id.* at 862. Words which tend to disparage someone in his professional capacity by imputing to him fraud, dishonesty, misconduct, ignorance, incompetence or incapacity are libelous *per se.* *Four Star Stage Lighting, Inc. v. Merrick,* 56 A.D.2d 767, 392 N.Y.S.2d 297 (1st Dept.1977); *Amelkin v. Commercial Trading Co.,* 23 A.D.2d 830, 259 N.Y.S.2d 396 (1st Dept.1965), *aff'd,* 17 N.Y.2d 500, 267 N.Y.S.2d 218, 214 N.E.2d 379 (1966). More generally put, a statement is defamatory if it imputes to the plaintiff "some quality which would be detrimental, or the absence of some quality which is essential to the successful carrying on of his office, profession or trade." *Cole v. Fischer Rogow, Inc. v. Carl Ally, Inc.,* 29 A.D.2d 423, 288 N.Y.S.2d 556, 562 (1st Dept.1968) (quoting *Gatley on Libel and Slander* at 34 (R. McEwen and P. Lewis 6th ed. 1967)).

Plaintiff understands the letter in question as "meaning that she had been fired due to her professional incompetence or to

**1.** The court's jurisdiction is based on diversity of    citizenship.

some unstated unsavory or despicable personal habits." Plaintiff's Memorandum of Law at 8. Were it reasonably susceptible of such a reading, there would be little doubt that defendant's letter was libelous. Words accusing a person of professional incompetence or behavior unsuited to the carrying on of her work fall squarely within the rule just stated. But in the court's view, the meaning ascribed by plaintiff does not emerge from a fair reading of the text. *See Drug Research Corp. v. Curtis Publishing Co., supra,* 199 N.Y.S.2d at 36, 166 N.E.2d at 321 ("Libelous language must be tested by a 'fair', not a 'broad' reading" (citation omitted)).

■ Despite the conditional wording "If I let an employee go," and despite the inherent ambiguity in the expression "let go,"[2] it would certainly be reasonable to read defendant's letter as asserting that she fired plaintiff. Assuming that plaintiff resigned voluntarily, as she alleges, that would make defendant's assertion false, but not libelous. The mere fact of being dismissed from employment implies no misconduct or lack of capacity and without such an implication there is no libel. *Nichols v. Item Publishers, Inc., supra* at 862.[3]

■ Plaintiff's allegation that the letter is libelous depends upon the conclusion that the words "[her] work or personal habits are not acceptable to me" can reasonably be read as meaning that plaintiff is incompetent to perform as an executive assistant or that her personal habits are such that she cannot function in a manner suited to an executive assistant. A fair reading of this plain language does not permit such a conclusion. Defendant wrote no more than that plaintiff's work or personal habits were unacceptable to defendant personally. The reader has no way of knowing what defendant requires in the way of work or personal habits and no reason to conclude from this letter that one who is unacceptable to defendant lacks the capacity or character to perform in her chosen calling. As plaintiff reads the letter, defendant is accusing all eight of the named persons of being professionally inadequate or of having "unsavory or despicable personal habits." This is an unreasonable extrapolation from the simple statement that their work or personal habits are unacceptable to defendant.

Defendant's letter attributes no particular work or personal habits to plaintiff the possession of which would create the impression that she is incompetent or unfit for her profession. It states only that plaintiff's work or personal habits do not meet defendant's purely subjective and wholly unarticulated standards. The mere statement that plaintiff is unacceptable to defendant is not libelous. An analogous issue was raised in the case of *Ertheiler v. Bernheim,* 37 A.D. 472, 56 N.Y.S. 26 (1st Dept.1899). Defendant wrote to a third party that:

> in the interest of our business we find it necessary to take a decided stand with respect to our future business relationship with [plaintiff] and to that end we feel called upon and from this date on will refuse any dealings with them, and under no circumstances will we submit samples of our stock to them.

Despite the emphatic terms in which defendant stated its intention to cease all dealings with plaintiff, the court found no libel as there was "certainly nothing to justify the inference that this severing of relations between the defendant and the plaintiff was due to any dishonorable conduct on the part of the plaintiff." *Id.* at 27.

---

**2.** Plaintiff may be right that "let go" and "fired" are not synonymous in that "let go" can mean many things. But according to *Webster's Third New International Dictionary* at 1297 (1961), one of its meanings is "to dismiss from employment."

**3.** Plaintiff relies on *Tedeschi v. Smith Barney, Harris Upham & Co.,* 548 F.Supp. 1172 (S.D.N.Y. 1982) (Weinfeld, J.), for the proposition that a false statement that a person has fired someone is libelous *per se.* That is not the holding of the case in which the document in question stated not only that plaintiff had been fired but that he had "questionable loyalty and ethics." The statement that a person is "unethical" has been held libelous *per se. Mason v. Sullivan,* 26 A.D.2d 115, 271 N.Y.S.2d 314 (1st Dept.1966).

Similarly, in this case, the letter clearly states that plaintiff's work or personal habits do not meet with defendant's satisfaction and that defendant severed her relations with plaintiff as a result, but nothing in the letter warrants the inference that plaintiff was incompetent or her behavior improper. The letter is not an actionable libel *per se*, and although some of the letter's recipients may be discouraged from hiring plaintiff by the knowledge that she was "unacceptable" to defendant and does not have defendant's recommendation, that is, at best, *damnum absque injuria*.

*Conclusion*

The court's determination that the allegedly defamatory letter is not libelous *per se* obviates the need to consider the other arguments proffered in support of defendant's motion. The complaint is dismissed.

IT IS SO ORDERED.